APPEAL OF CHARLES L. HARRIS, ADMINISTRATOR OF THE ESTATE OF WILLIAM L. HARRIS.

Docket No. 4426. Decided October 8, 1926.

1. Under the Revenue Act of 1921, the proceeds of life insurance policies made payable to beneficiaries other than the estate of the decedent prior to the effective date of the Revenue Act of 1918, may not be included in the gross estate of the decedent. *Lewellyn* v. *Frick*, 268 U. S. 238.

2. Section 1400(a) of the Revenue Act of 1921 repealed the estate tax imposed by the Revenue Act of 1918, and section 1400(b) provided that the parts of that Act which are repealed shall remain in force for the assessment and collection of all taxes which have accrued at the time such parts cease to be in effect. *Held*, that no liability for estate tax accrued, within the meaning of section 1400(b), against the estate of a decedent who died subsequent to the date of the repealing statute.

3. Prior to the effective date of the Revenue Act of 1918, decedent took out a policy of insurance on his life, naming his estate as beneficiary; in 1920, prior to the enactment of the Revenue Act of 1921, which repealed the estate tax imposed by the Act of 1918, decedent named his wife as beneficiary, and, upon his death in 1923, the proceeds of the policy were paid to her. *Held* that, in determining liability for estate tax imposed by the Act of 1921, the proceeds of such policy may not be included in the gross estate of the decedent.

*Charles L. Harris, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in estate tax in the amount of $934.96. The deficiency arises from the inclusion by the Commissioner in the gross estate of the decedent of the proceeds of certain policies of insurance taken out by the decedent upon his own life and payable to beneficiaries other than his estate.

FINDINGS OF FACT.

William L. Harris, a resident of the State of Minnesota, died intestate on September 11, 1923. On October 30, 1923, Charles L. Harris was appointed administrator of the estate of said decedent in the Probate Court of Hennipen County, Minn., and he now is the duly appointed, qualified and acting administrator of said estate.

During the period October 1, 1887, to March 15, 1912, inclusive, William L. Harris took out upon his own life nine policies of insurance, in the aggregate amount of $99,000, all of which continued in full force and effect until his death. Eight of these policies, at the time they were taken out by and issued to William L. Harris, were

made payable either to Elizabeth E. Harris, his wife, or to Ethel Harris Gauntlett, or Charles L. Harris.  The original beneficiaries under these eight policies of insurance continued to be such beneficiaries until the death of William L. Harris and they received the proceeds of said policies.  The other policy of insurance mentioned was taken out by William L. Harris on March 15, 1912, and was made payable to his estate.  On September 30, 1920, he caused the beneficiary of this policy to be changed, and it was on that date made payable to his wife, Elizabeth E. Harris, instead of to his estate.  From September 30, 1920, until the death of William L. Harris on September 11, 1923, she was the beneficiary of said policy and she received the proceeds thereof.  The nine insurance policies referred to, the date of issue, the amounts thereof, the incumbrances thereon, and the amounts received by the beneficiary were as follows:

POLICIES PAYABLE TO ELIZABETH E. HARRIS, WIDOW.

| Company | Date issued. | Face amount. | Less loans and other deductions. | Net amount received. |
|---|---|---|---|---|
| Manhattan | Oct. 1, 1887 | $5,000.00 | $1,692.54 | $3,307.46 |
| Manhattan | Oct. 1, 1898 | 1,000.00 | 462.90 | 537.10 |
| Manhattan | June 9, 1898 | 11,000.00 | 4,574.90 | ¹ 642.51 |
| Mutual Life | Mar. 15, 1912 | 50,000.00 | 2,668.47 | 47,331.53 |
| National of Vermont | July 18, 1888 | 15,000.00 | 10,222.73 | 4,777.27 |
| Total | | 82,000.00 | 19,621.54 | 56,595.87 |

¹ Being the first of ten annual installments in like amount.

POLICIES PAYABLE TO ETHEL HARRIS GAUNTLETT AND CHARLES L. HARRIS, JOINTLY.

| Company | Date issued. | Face amount. | Less loans and other deductions. | Net amount received. |
|---|---|---|---|---|
| Northwestern National | Feb. 17, 1902 | $3,000.00 | $964.59 | $2,035.41 |
| Provident Life & Trust Co | June 20, 1902 | 6,000.00 | 3,998.15 | 2,001.85 |
| Total | | 9,000.00 | 4,962.74 | 4,037.26 |

POLICIES PAYABLE TO ETHEL HARRIS GAUNTLETT.

| Company | Date issued. | Face amount. | Less loans and other deductions. | Net amount received. |
|---|---|---|---|---|
| Missouri State Life | Sept. 16, 1902 | $4,000.00 | $2,629.48 | $1,370.52 |
| Missouri State Life | Sept. 16, 1902 | 4,000.00 | 2,629.48 | 1,370.52 |
| Total | | 8,000.00 | 5,258.96 | 2,741.04 |
| Total | | | | 63,374.17 |
| Less exemption | | | | 40,000.00 |
| Balance | | | | 23,374.17 |

On or about September 4, 1924, the administrator of the estate of William L. Harris filed a return for said estate under the Federal estate tax law, showing tax due in the amount of $5,243.09, which was duly paid.  No part of the proceeds of the policies of insurance referred to herein was included by the administrator in the return filed by him for said estate.  The Commissioner, upon audit of the return, included in the gross estate of the deceased, subject to the

Federal estate tax, the entire amount of the proceeds of the nine policies of insurance herein mentioned in excess of $40,000, and determined that there is a deficiency in tax in the amount of $934.96.

OPINION.

MILLIKEN: The only issue presented herein is as to the right of the Commissioner to include in the gross estate of the decedent the proceeds of the nine insurance policies set forth in the findings of fact. The facts, which are not in dispute, are that all of these policies were taken out by the decedent on his own life prior to the enactment of the Revenue Act of 1918, and that, with one exception, they were before that date made payable to specific beneficiaries. The exception is the policy taken out on March 15, 1912, in the amount of $50,000.

Concerning the eight policies made payable to specific beneficiaries prior to the effective date of the Revenue Act of 1918, it is now conceded by the Commissioner, and we so hold, that in view of the decision of the Supreme Court of the United States in the case of *Lewellyn* v. *Frick*, 268 U. S. 238, the proceeds thereof should not be included in the gross estate for the purposes of the Federal estate tax under the Revenue Act of 1921.

This leaves for consideration the policy of insurance taken out by the decedent on March 15, 1912, of the face amount of $50,000. The amount receivable on this policy payable at the date of death was $47,331.53 and, as appears from the findings of fact, was originally made payable to the decedent's estate. On September 30, 1920, the beneficiary of this policy was changed to Elizabeth E. Harris, wife of the decedent, who, on the death of the decedent, received the proceeds of the policy. It is the contention of the Commissioner that the amount of the policy just referred to, in excess of the statutory exemption of $40,000, or $7,331.53, should be included in the gross estate of the decedent under the provisions of the Revenue Act of 1921. It is argued that, despite the specific repeal by the Revenue Act of 1921 of Title IV of the Revenue Act of 1918, section 402 (f) of both acts is identical and that, accordingly, the provisions of the Revenue Act of 1921 must be considered as a continuation of the identical provision of the Revenue Act of 1918; or, stated in another way, where a statute is repealed and its provisions are at the same time reenacted, the reenactment neutralizes the repeal and the provisions of the repealed act which are thus reenacted continue in force without interruption.

The death of the decedent on September 11, 1923, was the occasion for the exaction of an estate tax, and the measure of the tax is to be determined in accordance with the statute in force at the

date of the death of decedent. That statute was the Revenue Act of 1921. It is contended, however, that, since the decedent changed the beneficiary of his insurance in the year 1920, and the provisions of section 402 (f) of the Revenue Acts of 1918 and 1921 were identical, the proceeds of the policy, less the statutory exemption, forms a part of the gross estate. It is not denied that the Revenue Act of 1921 in section 1400 (a) does by express provision repeal Title IV of the Revenue Act of 1918, and that section 1400 (b) of the Revenue Act of 1921 provides that the parts of the Revenue Act of 1918 repealed shall remain in force for the assessment and collection of all taxes which have accrued under the statute repealed. Here we have a complete repeal of the prior statute with a saving clause as concerns taxes accrued under the same. We can not perceive that any taxes had accrued in this case—the decedent was living at the date of the repeal and certainly the change and the designation of beneficiaries did not cause a tax to accrue. The decedent, while the Revenue Act of 1918 was in force and effect, incurred no liability for taxes of the nature here in question, and no right accrued to the Government in respect to the assessment and collection thereof. As concerns the liability of the decedent for estate taxes under the provisions of the Revenue Act of 1918, he was entirely relieved therefrom by reason of the express repeal of the statute.

If this were a case involving the punishment of a crime, the protection of a vested right, or a right of action growing out of a contract, there might be some occasion for the rule of statutory construction submitted in behalf of the Commissioner. The Commissioner proposes to exercise a right which was created by a former statute, and this right existed only by virtue of the provisions of that statute. Accordingly, the repeal of the statute defeats the right itself, unless the same be within the exceptions referred to above. We are of the opinion that with the repeal of Title IV of the Revenue Act of 1918, the authority to include in the gross estate the proceeds of the policy of insurance here in question was lost and that the right ceases and determines with the statute upon which it depends. The effect of the repeal of Title IV of the Revenue Act of 1918 was to obliterate the repealed statute just as completely as if it had never been enacted into law, and it must be considered as a statute that never existed, except for the purpose set forth in section 1400 (b) of the Revenue Act of 1921.

It is also a well-settled rule of statutory construction that a new law can have no retrospective operation unless made so by its own express language. When the legislative branch of the Government determines to pass retrospective legislation, it usually does so by

express terms, as, for example, section 302 (h) of the Revenue Act of 1924 causes section 302 (g), (which is identical with the provision of the Revenue Acts of 1918 and 1921 here considered) to apply to past transactions.

Since there was a complete repeal of Title IV of the Revenue Act of 1918, we have the absence of a statute upon which the liability of the decedent rests, and we are governed by the controlling reason for the decision of the Supreme Court in the case of *Lewellyn* v. *Frick*, *supra*.

*Judgment for the petitioner.*