JAMES DUGGAN, EXECUTOR, ESTATE OF HANNA DUGGAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4706.    Promulgated October 4, 1927.

The decedent and her two brothers and a sister each owning one-fourth of the common stock of a coal-mining company, transferred their respective shares of stock to trustees to hold under the terms of a declaration of trust whereby the trustees were to pay the income to the creators of the trust with rights over to the survivors upon the death of any beneficiary. *Held* that, under the provisions of the Revenue Act of 1921, the value of the interest of the decedent in the trust estate at the time of his death should not be included in the gross estate of the decedent for the purpose of estate tax. *Appeal of James Duggan, Executor,* 6 B. T. A. 1098, overruled.

*E. Barrett Prettyman, Esq.*, for the petitioner.
*R. E. Copes, Esq.*, for the respondent.

SMITH: The findings of fact and opinion in the above entitled case were promulgated by the Board on April 29, 1927. *Appeal of James Duggan, Executor, Estate of Hanna Duggan,* 6 B. T. A. 1098. Subsequent to such promulgation and before the entering of an order of redetermination of the deficiency in accordance with the findings of fact and opinion rendered, the Supreme Court handed down its decision in the case of *Nichols* v. *Coolidge,* 274 U. S. 531. Upon motion of the petitioner a reargument of the case was allowed upon the basis of such decision of the Supreme Court.

The facts in the case are fully set forth in *Appeal of James Duggan, Executor, supra.* They are, in short, that on December 31, 1919, the decedent and her two brothers and her sister, each owning one-fourth of the common stock of a coal-mining company, transferred their respective shares of stock to trustees to hold under a declaration of trust, whereby the trustees were to pay the income to the creators of the trust with rights over to the survivors upon the death of any beneficiary. Hanna Duggan died testate on May 18, 1923.

The Commissioner added to the net estate reported by the executor one-fourth of the value of the trust fund at the date of her death. This addition was made under the provisions of Title IV of the Revenue Act of 1921. Section 402 of that Title provides in part:

SEC. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*      \*      \*      \*      \*      \*      \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

There is no question before the Board as to the value of the decedent's interest in the trust fund at the date of her death. The Board held in view of the specific language of section 402 above quoted that that value was properly included in the gross estate. The decedent had a life interest in the trust fund and under the provisions of the trust instrument the entire corpus of the trust fund could at any time have been distributed to the beneficiaries.

Section 402(c) of the Revenue Act of 1921 is identical with the corresponding section of the Revenue Act of 1918. We held by reason of this fact and also of the fact that the subdivision provides for the inclusion in gross estate of property thus transferred in trust "(whether such transfer or trust is made or created before or after the passage of this Act)," that there was no substantial question of the retroactive operation of the statute.

In *Nichols* v. *Coolidge, supra,* the court, commenting upon the provisions of section 402(c) of the Revenue Act of 1918, stated:

The statute requires the executors to pay an excise ostensibly laid upon transfer of property by death from Mrs. Coolidge to them but reckoned upon its value plus the value of other property conveyed before the enactment in entire good faith and without contemplation of death. Is the statute, thus construed, within the power of Congress?

Undoubtedly, Congress may require that property subsequently transferred in contemplation of death be treated as part of the estate for purposes of taxation. This is necessary to prevent evasion and give practical effect to the exercise of admitted power, but the right is limited by the necessity.

Under the theory advanced for the United States, the arbitrary, whimsical and burdensome character of the challenged tax is plain enough. An excise is prescribed, but the amount of it is made to depend upon past lawful transactions, not testamentary in character and beyond recall. Property of small value transferred before death may have become immensely valuable, and the estate

tax, swollen by this, may leave nothing for distribution. Real estate transferred years ago, when of small value, may be worth an enormous sum at the death. If the deceased leaves no estate there can be no tax; if, on the other hand, he leaves ten dollars both that and the real estate become liable. Different estates must bear disproportionate burdens determined by what the deceased did one or twenty years before he died. See *Frew* v. *Bowers, Collector*, 12 Fed. (2d) 625.

This court has recognized that a statute purporting to tax may be so arbitrary and capricious as to amount to confiscation and offend the Fifth Amendment. *Brushaber* v. *Union Pacific R. R.*, 240 U. S. 1, 24 (U. S. Tax Cases 104) ; *Barclay & Co.* v. *Edwards*, 267 U. S. 442, 450. See also *Knowlton* v. *Moore*, 178 U. S. 41 [U. S. Tax Cases 289] 77. And we must conclude that Section 402(c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation. Whether or how far the challenged provision is valid in respect of transfers made subsequent to the enactment, we need not now consider.

The transfer made by Hanna Duggan on December 31, 1919, was made under the provisions of the Revenue Act of 1918.

Title IV of the Revenue Act of 1918 was repealed by section 1400(a) of the Revenue Act of 1921. In *Appeal of Charles L. Harris, Administrator*, 5 B. T. A. 41, we said:

The death of the decedent on September 11, 1923, was the occasion for the exaction of an estate tax, and the measure of the tax is to be determined in accordance with the statute in force at the date of the death of decedent. That statute was the Revenue Act of 1921. It is contended, however, that, since the decedent changed the beneficiary of his insurance in the year 1920, and the provisions of section 402(f) of the Revenue Acts of 1918 and 1921 were identical, the proceeds of the policy, less the statutory exemption, forms a part of the gross estate. It is not denied that the Revenue Act of 1921 in section 1400(a) does by express provision repeal Title IV of the Revenue Act of 1918, and that section 1400(b) of the Revenue Act of 1921 provides that the parts of the Revenue Act of 1918 repealed shall remain in force for the assessment and collection of all taxes which have accrued under the statute repealed. Here we have a complete repeal of the prior statute with a saving clause as concerns taxes accrued under the same. We can not perceive that any taxes had accrued in this case—the decedent was living at the date of the repeal and certainly the change and the designation of beneficiaries did not cause a tax to accrue. The decedent, while the Revenue Act of 1918 was in force and effect, incurred no liability for taxes of the nature here in question, and no right accrued to the Government in respect to the assessment and collection thereof. As concerns the liability of the decedent for estate taxes under the provisions of the Revenue Act of 1918, he was entirely relieved therefrom by reason of the express repeal of the statute.

Section 402(c) of the Revenue Act of 1921 is identical with section 402(c) of the Revenue Act of 1918, which the Supreme Court

has held, insofar as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious, and amounts to confiscation, and to such extent is unconstitutional. We can see no reason for reaching a different conclusion with respect to the 1921 Act from that which was reached with respect to the 1918 Act. Furthermore, we think that the transfer herein involved is of the character of that referred to by the Supreme Court in *Nichols* v. *Coolidge, supra.* We are also of the opinion that the principle applied by this Board in *Appeal of Charles L. Harris, Administrator, supra,* is applicable to this case and that under it we must hold that there is no deficiency. See also *Edward H. Alsop, Executor,* v. *Commissioner,* 7 B. T. A. 848.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*