JOHN T. SLINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6752. Promulgated January 13, 1928.

*J. M. McMillin, Esq.,* for the petitioner.
*Shelby S. Faulkner, Esq.,* for the respondent.

OPINION.

MILLIKEN: The first issue relates to the profit resulting from the sale of 231.2 acres of land. The land was sold for $86,670. Of the acreage sold, 131.2 acres were acquired in 1915, at a cost of $19,012.40. We are of the opinion that the March 1, 1913, value of the 100 acres acquired prior to March 1, 1913, was $17,500. The improvements located on the 100 acres had a value on March 1, 1913, of $9,000, and at date of sale in 1920, the depreciated value was $6,000.

Of the total acreage sold in 1920, petitioner had purchased 100 acres prior to his marriage. The cost of the same was $2,500. The initial payment made was $500. Subsequent to his marriage the remaining $2,000 was paid. Counsel for petitioner insists that one-fifth of the 100 acres was the separate property of petitioner by reason of the fact that $500 of the total cost of $2,500 had been paid prior to marriage and the remaining four-fifths interest was the joint property of petitioner and wife. The decided cases of the courts of the State of Texas do not support this view. We need not extend this opinion by a discussion of the cases. They all are au-

thority for the conclusion that the 100 acres was the separate property of the petitioner when sold in 1920. Nor do we have any evidence that the improvements placed thereon were paid for out of community funds. In the absence of proof we must presume they were paid for out of the separate funds of petitioner. See *Welder* v. *Lambert*, 91 Tex. 510; 44 S. W. 281; *Pellum* v. *Fleming*, 283 S. W. 531; *Jackson* v. *Jackson*, 283 S. W. 923; *Price* v. *McAnelly*, 287 S. W. 77; *Evans* v. *Ingram*, 288 S. W. 494. In determining the profit from the sale of the 231.2 acres of land, 100 acres, together with improvements, should be treated as the separate property of the petitioner.

We have set forth in the findings of fact the deductions to which petitioner is entitled. Counsel avers that petitioner should be allowed a deduction of $7,043.84, representing advances made for tenants during the year and for which petitioner was indebted at the close of the year. The petitioner maintained no books of account and reported his income on the basis of actual receipts and disbursements. He had not paid the sum sought to be deducted at the close of the year and in fact a part of the advances were to be reduced by the application of the tenants' share of the crops for the year. The respondent did not err in refusing to allow the same.

We have set forth in the findings of fact the equipment, machinery, live stock, and various assets used by petitioner in carrying on his business during the year. Counsel requests us to determine a rate of depreciation on the same to which petitioner is entitled. We entertain no doubt that he is entitled to a deduction for depreciation, but no evidence was introduced as to the proper rate of depreciation applicable and accordingly the claimed allowance is denied.

There is no issue between the parties of the community property status of the income from the sale of the 131.2 acres of land purchased in 1915 and sold in 1920, or of the deductions to which petitioner and wife are entitled for the year as herein allowed.

The 25 per cent penalty for failure to file a return was imposed by respondent pursuant to the provisions of section 3176 of the Revised Statutes. Petitioner testified to the circumstances in 1921, resulting in his failure to file a return. However cogent this reason may have been and that his failure was due to reasonable cause and not willful neglect, it is nevertheless true that the petitioner has not, to this day, complied with the statutory requirement that a return be filed, accompanied by the showing of the reason for the delay, and it follows from the mandatory provisions of the statute that the 25 per cent penalty should be imposed. See *Appeal of John B. Nordholt*, 4 B. T. A. 509.

*Judgment will be entered on 15 days' notice, under Rule 50.*