MINNIE I. MANSFIELD, EXECUTRIX, ESTATE OF HENRY F. MANSFIELD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12165. Promulgated September 19, 1929.

*James Coupe, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

338

OPINION.

Littleton: Both parties agree that this is not a case of a transfer of property in contemplation of death, nor is it claimed by any one that the transfer was not *bona fide*. The Commissioner held that the consideration was not one in " money or money's worth " and therefore was a transfer to take effect at or after death. The transfer was complete and absolute when made and title passed to Minnie Illingworth. The petitioner contends that the consideration of marriage was a " consideration in money or money's worth " within the meaning of section 402 (c) of the Revenue Act of 1921, and the Commissioner contends that it was not.

It is unnecessary to pass upon these contentions for the reason that under the decision of the Supreme Court in *Nichols* v. *Coolidge*, 274 U. S. 531, and the decisions of the Board in *Edward H. Alsop*, 7 B. T. A. 848; *James Duggan, Executor*, 8 B. T. A. 482; and *Northern Trust Co., Executor*, 9 B. T. A. 96, the property can not be included in the gross estate.

In *Nichols* v. *Coolidge, supra*, the court stated:

The exaction is not a succession tax like the one sustained by *Scholey* v. *Rew*, 23 Wall. 331. *Keeney* v. *New York*, 222 U. S. 525. * * *

This court has recognized that a statute purporting to tax may be so arbitrary and capricious as to amount to confiscation and offend the Fifth Amendment. *Brushaber* v. *Union Pacific R. R.*, 240 U. S. 1, 24; *Barclay & Co.* v. *Edwards*, 267 U. S. 442, 450. See also *Knowlton* v. *Moore*, 178 U. S. 41, 77. And we must conclude that Section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value of property transferred by a decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation. Whether or how far the challenged provision is valid in respect of transfers made subsequent to the enactment, we need not now consider.

In *Northern Trust Co., Executor*, 9 B. T. A. 96, we had occasion to consider the cases of *Frew* v. *Bowers*, 12 Fed. (2d) 625, and *Nichols* v. *Coolidge, supra*, in connection with the provision of section 402 of the Revenue Act of 1921. In these two cases the grantor had disposed of the income as well as the remainder while in the *Northern Trust Co., Executor, supra*, the decedent kept the income for life. In the latter case the Board in holding that the property transferred by certain instruments there involved should be excluded from the gross estate said:

\* \* \* The Supreme Court, so far as can be gathered from the opinion, did not look upon this as controlling; for aside from the statement of the fact, it nowhere enters into the discussion. The opinion seems rather to condemn *in toto* the attempt to reach back and bring into the gross estate any property which had by such a trust been transferred before the passage of the Act.

\*　　\*　　\*　　\*　　\*　　\*　　\*

In view of the repeated and well established rule that constitutional questions will be avoided wherever possible, and the decision of the District Court that the transfers in question were within section 402 (c), it must be assumed that the Supreme Court so treated them. Hence it is unnecessary for us to consider here whether the transfers of 1912 and 1917 were within the statute, for even assuming that they were, they could only be reached by the retroactive clause of the provision. We see no escape, after the Supreme Court's decision as to the 1918 Act, from the conclusion that the 1921 Act is subject to the same infirmity, and we must therefore reverse the Commissioner. See *Edward H. Alsop*, 7 B. T. A. 848, and *James Duggan, Executor*, 8 B. T. A. 482.

Under these decisions the value of property here involved should be excluded from the gross estate of the decedent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

ARUNDELL dissents.