FREDERIC ULLMAN ET AL., EXECUTORS, ESTATE OF BLANCHE LEITER BLOCK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39270. Promulgated September 11, 1930.

*William Cogger, Esq.*, and *John E. Hughes, Esq.*, for the petitioners.

*R. L. Staubly, Esq.*, for the respondent.

OPINION.

BLACK: The respondent has asserted a deficiency in estate tax in the amount of $3,285.89. It has been stipulated that Blanche Leiter

Block, the decedent, in consideration of love and affection, on December 19, 1918, conveyed by warranty deed to Beatrice .H. Ullman a certain parcel of land in the city of Syracuse, N. Y., with the following reservation: "The said Blanche Leiter Block hereby reserves to herself the life use of said premises, the rents, issues, profits, management and control thereof to continue during the term of her natural life." The deed was delivered to Beatrice H. Ullman on the date of its execution and was recorded on September 3, 1925. Blanche Leiter Block died on August 29, 1925, and at the time of her death the property in question was worth $150,000 and respondent has included said real estate in the gross estate of decedent at the value of $150,000. The only question before us is whether said real estate is subject to be included in the gross estate under the provisions of subdivision (c) of section 302 of the Revenue Act of 1924, which reads as follows:

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of Part I of this Title.

Section 402 (c) of the Revenue Acts of 1918 and 1921 read exactly the same as section 302 (c) of the Revenue Act of 1924, with the exception that after the phrase " at or after his death " the following was added in parentheses in both the prior acts "(whether such transfer or trust is made or created before or after the passage of this Act)."

In the case of *May* v. *Heiner*, 281 U. S. 238, the Supreme Court considered whether a trust with a life estate reserved to the settlor was properly includable in the decedent's gross estate under the provisions of section 402 (c) of the Revenue Act of 1918. Under this decision property conveyed by an irrevocable deed of trust, although the income during the settlor's life be payable to the settlor, does not pass at the settlor's death, but at the date of the execution and delivery of the deed of trust. Property thus conveyed is therefore not subject to the tax provided for in section 302 (c) of the Revenue Act of 1924. See also *Commissioner* v. *Northern Trust Co., Executor*, 41 Fed. (2d) 732.

*Judgment will be entered for the petitioner.*