LAURA R. HILTON ET AL., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40131. Promulgated October 13, 1930.

*G. H. Moore, Esq.*, for the petitioners.
*Eugene Smith, Esq.*, for the respondent.

OPINION.

BLACK: In this proceeding the only question at issue is the inclusion of estate tax purposes of certain real estate in the gross estate of Manetho Hilton, deceased. The petitioners are the widow and the sole surviving heirs at law of Manetho Hilton, a former resident of

4

St. Louis, Mo., who died intestate on June 18, 1923. Administration was granted by the probate court of the city of St. Louis and the administratrix filed a timely estate tax return in which was included only personal property, the value of which was not in excess of the statutory deductions. The respondent, upon his redetermination, added to the gross estate real estate belonging to the trust estate created in 1909 by Anna M. Hilton, wherein the decedent was named trustee with certain very broad powers of appointment. The parties hereto agree that the trust estate at the time of the decedent's death had a value of $138,880.01, after deducting all incumbrances. By the inclusion of this trust property, the respondent has determined a deficiency in estate tax in the amount of $2,277.60. The correctness of the determination is not questioned if the trust property is properly includable in decedent's estate.

The only evidence offered was the original trust agreement and other instruments executed thereafter in the exercise of the power of appointment contained in such original instrument, all of which we have epitomized in the opinion which follows.

The property which the respondent is seeking to include in the gross estate consists of a number of parcels of real estate situated in the city of St. Louis, Mo., which were originally conveyed to the decedent in trust by his sister on July 26, 1909. This instrument, which recites that it was executed in consideration of and to consummate a contract previously entered into between the decedent and his sister, Anna M. Hilton, whereby Manetho Hilton agreed to have canceled certain indebtedness of his sister amounting to over $160,-000 against the property, in return for which she conveyed in trust to the decedent numerous parcels of land in the city of St. Louis, named as the beneficiaries of the trust the decedent's son, Warren Hilton, a son by a former marriage, his then present wife, Laura Randolph Hilton, and their children, Gwendolen Hilton, Ruth Hilton, Randolph Hilton, Cecil Vaughan Hilton, and Grace Vaughan Hilton. The above named beneficiaries, with the exception of Grace Vaughan Hilton, who died prior to the decedent, are the petitioners herein. The trust agreement recites that the decedent was to take complete legal title as trustee, apply the income to the reduction of the existing indebtedness and to the support of his wife and the support and education of their children. The amount to be expended on the wife and children was left entirely to the discretion of the trustee and any unexpended amounts were to be made part of the principal estate. If the income were inadequate for the needs of the beneficiaries, the trustee had full authority to sell or mortgage all or any part of the trust estate. The decedent was given authority to designate a successor trustee and in the event he became unable

to serve and failed to appoint a successor, the St. Louis Union Trust Co. was to become trustee. Any successor trustee was to be guided by the discretion of the decedent in the amount he distributed to the wife and children of the decedent. The original trust instrument provided that the decedent, as trustee, "may revoke any of the provisions of this deed as to the powers and duties of the trustee or trustees, with respect to the control and management of said trust estate or modify the same as he shall think fit and judicious, he may alter, change, revoke and make null and void the said use and uses, estate and estates, hereby limited and agreed to and in the said property hereinbefore described, or all or any part or parcel thereof, and may in said conveyance or other written instrument, create, prescribe, define, limit, appoint any other powers, duties, use or uses, estate or estates, trust or otherwise, of and in said property, or any parcel or parcels thereof, in such manner and form as the said party of the second part herein shall think fit and convenient. It is further intended, agreed and understood, as a part of this indenture, by the contracting parties hereto, that the said party of the second part, as trustee, shall have the power of ordering, appointing and distributing and is hereby authorized and empowered to order, appoint and distribute among, or in trust, for some or all of said parties of the third part, or to or in trust for any person or persons not herein named, as beneficiaries, to whom he shall hereafter desire to make the beneficiary or beneficiaries under this trust the fee simple of all of the property hereby granted and conveyed or of any part or any parcel thereof, or less estate therein, legal or equitable, provided the same has not already been granted, sold or disposed of by said trustee." This agreement was signed by Anna M. Hilton, settlor of the trust, and Manetho Hilton, trustee.

On May 6, 1911, the decedent executed under the powers of the original agreement a trust agreement between himself and Laura Randolph Hilton, his wife, a beneficiary under the trust agreement, providing for the payment out of the income of the trust estate of $150 per month, and on May 30, 1911, the decedent executed another trust agreement with Anna M. Hilton, whereby she became entitled to the sum of $50 per month to be paid her monthly out of the trust estate income.

On September 17, 1918, agreeable to the powers of the original trust agreement, the decedent resigned as trustee and appointed Robert C. Miller trustee, vesting in Miller certain powers as to the management of the trust property, and expressly providing in the agreement, among other things, that Laura Randolph Hilton should be paid $200 per month and Anna M. Hilton $50 per month, and that all the remainder of the income should be paid to the decedent. This in-

strument conveyed all the trust property to Robert C. Miller, trustee, and contained the following provision:

The trusteeship of Robert C. Miller, his successor or successors, shall continue until the first day of September, nineteen hundred and twenty-three (1923), when it shall terminate unless the said undersigned Manetho Hilton shall be then living, in which case the trusteeship shall continue until the death of the said Manetho Hilton, and shall terminate at his death, and when said trusteeship shall be terminated by the happening of one or the other of the said particular events as aforesaid, then and thereupon, the fee simple title of, in and to all and every part and parcel of the real property belonging at that time to said trust estate, and all the right, title and interest of the then trustee, whether legal or equitable, shall vest immediately, without the necessity of any conveyance by the said Robert C. Miller, or the then trustee of said trust estate, in the following named distributees, to-wit, Warren Hilton, Gwendolen Hilton, Ruth Hilton, Randolph Hilton and Cecil Vaughan Hilton, share and share alike, as tenants in common, except as to any one of them who shall have died, and as to each such deceased distributee, if any, the title to his or her undivided proportionate share in said real estate property shall vest in the heirs of such deceased distributee, excepting that neither the said Manetho Hilton nor the said Laura Randolph Hilton shall take anything by inheritance or descent from such deceased distributee; * * *

Similar provisions were made as to the disposal of the personal property.

The appointment of trustee at paragraph 9 recites as follows:

Ninth: For purposes of identification it is hereby expressly understood and agreed that the Warren Hilton, Laura Randolph Hilton, Gwendolen Hilton, Ruth Hilton, Randolph Hilton and Cecil Vaughan Hilton named as beneficiaries herein are the same persons named and described as parties of the third part and beneficiaries in said Trust Deed recorded in Book Twenty-two hundred and seventy (2270) at Page One of the St. Louis Recorder's Office and that said Anna M. Hilton and Manetho Hilton named as beneficiaries herein are the same persons named and described as parties of the first part and second part in said Trust Deed, respectively, and I, the undersigned Manetho Hilton, do hereby specifically renounce the power given me in said Trust Deed to name, order and appoint any other or further beneficiaries than those named and described in this Paragraph Number Nine.

The instrument also contains this statement:

I do hereby expressly direct and declare that this instrument is and shall be final and conclusive as to the distribution of the income and principal of said trust estate.

On July 18, 1919, the decedent, by an instrument in writing duly recorded, revoked all powers of Robert C. Miller and appointed Gwendolen Hilton successor trustee, whereupon Miller resigned and conveyed all of said trust property and delivered the same to his successor trustee, Gwendolen Hilton, who duly qualified and accepted the trust and appointment. She continued to remain as trustee and administered the trust until it was terminated, September 1, 1923, after the death of the decedent.

The respondent in his sixty-day letter determined that the property in question was held in trust as of the date of decedent's death under the trust instrument of September 17, 1918, and that by the terms thereof, the transfer of the property by the decedent was made in pursuance of the absolute power of control and disposition given him in the trust instrument of 1909, and that under the terms of the trust agreement of September 17, 1918, the transfer is intended to take effect in possession or enjoyment at or after decedent's death, within the meaning of section 402 (c) of the Revenue Act of 1921.

The petitioner contends (1) that none of the real estate held under the trust agreement is subject to be considered as part of the taxable estate of the decedent; (2) that no real estate whatsoever located in the County or City of St. Louis, Mo., was subject to be considered as a part of the estate left by Manetho Hilton, which would be subject to Federal estate tax; and (3) that if Manetho Hilton actually owned in fee all of the real estate described in said trust agreement, then no part of said real estate, even though it had been owned in fee by the decedent at the time of his death, would be subject to Federal estate tax, because all of said real estate was located in the City or County of St. Louis, Mo., and real estate in the State of Missouri is not part of the taxable estate of the deceased.

As we interpret the trust instruments, the decedent on September 17, 1918, exercised the powers of appointment conferred on him in the original instrument of 1909, in so far as the final disposition of the corpus of the estate was concerned. In the instrument of September 17, 1918, he not only resigned as trustee and appointed his successor, but also designated himself as the beneficiary of the income from the trust to the date of its termination, after paying $200 a month to his wife and $50 a month to his sister, and then transferred the remaining beneficial interest to his children, who, together with their mother, had been the beneficiaries named in the original instrument. In this same instrument he declared that the instrument should be final and conclusive as to the distribution of income and principal of the trust estate, so that from that time on the only power remaining in him was to designate a successor trustee, which he did on July 18, 1919, when he appointed Gwendolen Hilton trustee to succeed Robert C. Miller. This instrument was not executed in contemplation of death within the legal significance of those words. The transfer was not testamentary in character, and was beyond recall by the decedent. At the death of Manetho Hilton no interest in the property held under the trust deed passed from him to the living; title thereto had been definitely fixed by the trust deed itself. See *May* v. *Heiner*, 281 U. S. 238; 50 Sup. Ct. 286; *Frederick Ullman et al.*, 20 B. T. A. 782. In *Minnie I. Mans-*

*field, Executrix*, 17 B. T. A. 335, we considered a somewhat similar situation in which the decedent in July, 1917, transferred and conveyed certain real estate by prenuptial deed, reserving to himself "the use, possession, and income of said property during his lifetime." The transferor died June 23, 1923, and we held that, under the decisions of *Nichols* v. *Coolidge*, 274 U. S. 531; *Edward H. Alsop*, 7 B. T. A. 848; *James Duggan, Executor*, 8 B. T. A. 482, and *Northern Trust Co., Executor*, 9 B. T. A. 96, the value of the property should not be included in the gross estate of the decedent in determining the net estate subject to tax under the Revenue Act of 1921.

In *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, at page 346, the Supreme Court holds that section 402 (c) of the Revenue Act of 1921 is inapplicable to a trust created by a decedent in his lifetime, not in contemplation of death, which vested beneficial interests in others and which he was without power to modify and revoke.

Accordingly, since the decedent divested himself of all power of appointment in the instrument dated September 17, 1918, except the power to appoint a successor trustee, under the above quoted decisions, the value of the property here involved should be excluded from the gross estate of the decedent.

Having decided that the real estate in question is not property includable in the gross estate under section 402 (c) of the Revenue Act of 1921, it becomes unnecessary to discuss the petitioner's other assignments of error, which raise the question of whether real estate situated in Missouri satisfies the requirements of section 402 (a) of the Revenue Act of 1921, with respect to its being subject to the payment of administration expenses necessary for its inclusion in the gross estate of a decedent for estate tax purposes.

*Judgment will be entered for the petitioners.*