LETTIE SNYDER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46232.  Promulgated April 26, 1933.

*Jesse I. Miller, Esq.*, for the petitioner.

*I. Graff, Esq.*, and *Lloyd W. Creason, Esq.*, for the respondent.

McMAHON: This is a proceeding for the redetermination of an asserted deficiency in income taxes for the calendar year 1927 in the amount of $2,823.78.

It is alleged that the respondent erred in computing the profit on the sale by petitioner in 1927 of 5,000 shares of stock of the Maytag Company.

The parties entered into the following agreed statement of facts:

It is hereby stipulated and agreed by and between the parties hereto, through their respective attorneys, that the following facts shall be taken as true, provided, however, that this stipulation shall be without prejudice to the right of either party to introduce other and further testimony not inconsistent with the facts herein stipulated to be true:

(1) Petitioner is an individual residing in Newton, Iowa.

(2) On or about April 15, 1927, petitioner's husband, Howard F. Snyder, in contemplation of death and without consideration in money or money's worth transferred to the petitioner five thousand (5,000) shares of the common stock of the Maytag Company, a corporation, which on said date had a value of $27.625 per share, or a total value of $138,125.00.

(3) Petitioner's husband died on September 2, 1927. The petitioner, as executrix, filed a Federal estate tax return on behalf of the estate of Howard F. Snyder in which there was included in the gross estate for the purpose of computing the Federal estate tax said five thousand (5,000) shares of Maytag Company stock for the reason that the conveyance of said stock to the petitioner had been made in contemplation of death.

(4) Upon the date of death of petitioner's husband said stock had a value of $31.25 per share, or a total value of $156,250.00, at which amount said stock was included in the gross estate in the said Federal estate tax return and the Federal tax paid thereon.

(5) In December 1927 the petitioner sold said five thousand (5,000) shares of stock for the total amount of $164,700.00.

(6) The respondent contends that the basis for determining the gain upon the sale of said stock is the value thereof in April 1927, to wit, $138,125.00, at which time said stock was given to the petitioner by her husband in contemplation of death.

(7) The petitioner contends that the basis for determining the gain on the sale of said stock is the value thereof at the date of death of petitioner's husband, to wit, $156,250.00.

(8) The petitioner's husband acquired said five thousand (5,000) shares of stock at a total cost to him of $3,035.00.

We are here called upon to determine the proper basis to be used in the computation of gain or loss upon the sale by the petitioner in

1927 of 5,000 shares of the common stock of the Maytag Company. The applicable provisions of the Revenue Act of 1926 are set forth in the margin.[1]

Under those provisions the basis to be used in the case of property which was acquired by gift made in contemplation of death, and which was included in the gross estate of the donor for estate tax purposes, as it was here, is the value of the property at the time of acquisition. The respondent has held that the time of acquisition was on or about April 15, 1927, the date that the gift was made, and that the proper basis is the value of the property at that time, $138,125. Petitioner, on the other hand, contends that the time of acquisition was the date of the death of her husband, and that the proper basis is its value at that time, $156,250.

The petitioner points out that provisions similar to those of the Revenue Act of 1926 with which we are here concerned are contained in the Revenue Acts of 1921 and 1924 (secs. 202 (a) (3) and 402 (c) of the Revenue Act of 1921 and secs. 204 (a) (5) and 302 (c) of the Revenue Act of 1924), and that under each act the basis in the case of property acquired by gift made in contemplation of death, as well as the basis in the case of property acquired by bequest, devise or inheritance, is its fair market value at the time of acquisition, whereas the basis under each revenue act for property acquired by a gift made after December 31, 1920, but which was not made in contemplation of death is the same as the basis which the property would have in the hands of the donor. (Sec. 202 (a) (2), Revenue Act of 1921, and sec. 204 (a) (2), Revenue Acts of 1924 and 1926.) She further points out that in each act both property acquired by bequest, devise or inheritance, and property acquired by gift made in contemplation of death, are to be included in the gross estate of the donor, for estate tax purposes, at its value at the time of the death of the decedent. She therefore contends that the obvious purpose of Congress was to make the basis for returning gain or loss, in

---

[1] Sec. 204. (a) (5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in * * * subdivision (c) or (f) of section 302 of this Act.

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

*     *     *     *     *     *     *

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

the case of property which was acquired by gift made in contemplation of death, the "last tax paid value," that is, its value at the date of the death of the decedent, at which value it was included in the gross estate of the donor.

In support of her contention, she cites the report of the Finance Committee of the Senate on the Revenue Bill of 1921, where in regard to section 202 (a) (2) of that bill, which deals with the basis in the case of property acquired by gift after December 31, 1920, it was said in part:

This paragraph does not apply to gifts made in contemplation of death or to gifts made to take effect in possession and enjoyment at or after death, but such testamentary gifts are to be treated as bequests or devises.

We do not agree, however, with the contentions of the petitioner that the date of acquisition of the property herein involved, which was acquired by gift made in contemplation of death, was the date of death of the petitioner's husband. The fact that the basis in the case of property acquired either by bequest, devise or inheritance, or by gift made in contemplation of death, and which was included in the gross estate of the donor for estate tax purposes, is, under the revenue act, the value at the time of acquisition, and the fact that the time of acquisition in the case of property acquired by bequest, devise or inheritance has been held to be the date of the death of the donor (see *Brewster* v. *Gage*, 280 U. S. 327), does not mean that the time of acquisition in the case of a gift made in contemplation of death is the date of the death of the donor.

In the instant proceeding the stock was acquired by the petitioner at the time the gift was made on or about April 15, 1927. At that time the petitioner acquired absolute title to the stock. The word " acquire," from which the word " acquisition " is derived, means to obtain " as one's own." *City Bank Co.*, 1 B. T. A. 210. The fact that the gift was made in contemplation of death has no bearing upon the question of the time of acquisition. It might be well to point out that the fact that property has been included in a gross estate for estate tax purposes does not necessarily require that the property shall thereafter take as a basis the value at which it was included in the gross estate. *Helen G. Carpenter*, 27 B. T. A. 282 and *Fannie E. Lang*, 23 B. T. A. 854; affirmed in *Lang* v. *Commissioner*, 61 Fed. (2d) 280; *George D. Widener*, 8 B. T. A. 651; and *Ernest M. Bull, Executor*, 7 B. T. A. 993.

There is no ambiguity in section 204 (a) (5) of the Revenue Act of 1926. It clearly provides that the basis in the case of property acquired by gift made in contemplation of death and which was included in the gross estate of the donor, shall be the fair market

value of such property at the time of such acquisition. The intention of the Congress is to be sought for primarily in the language used, and where this expresses an intention reasonably intelligible and plain, it must be accepted without modification by resort to construction or conjecture. *Thompson* v. *United States*, 246 U. S. 547; *United States* v. *Goldenberg*, 168 U. S. 95; and *United States* v. *Lexington Mill & Elevator Co.*, 232 U. S. 397.

We hold that the respondent did not err in holding that the time of acquisition of the stock by the petitioner was on or about April 15, 1927, the date the gift was made, and that the proper basis is the value of the stock at that time, $138,125.

Reviewed by the Board.

*Decision will be entered for the respondent.*