SCRANTON, LACKAWANNA TRUST COMPANY, TRUSTEE, KATHERINE W. MURRAY TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51978. Promulgated January 5, 1934.

*H. Kennedy McCook, Esq.*, for the petitioner.
*George D. Brabson, Esq.*, for the respondent.

700

OPINION.

ARUNDELL: The principal question here is whether the basis for determining the gain on the sale of the trusteed stock is the same as the basis in the hands of the grantor of the trust, or the value at the time it was placed in trust. There is no issue as to any of the basic figures. While some of the stock appears to have been acquired by the grantor prior to March 1, 1913, and some by gift and by way of stock dividends, the basic figure of $68,985.50, denominated as "cost" in the Form 1041 executed by the collector, is not challenged by petitioner. Nor is any claim made by either side that the value of the stock when conveyed to the trustee was any less or greater than the price at which it was sold a few days later.

The governing statute is the Revenue Act of 1926, the sections thereof cited by the parties being set out in the margin.[1] Stated shortly, the substance of the statutory provisions is that the basis for gain or loss on the sale of property transferred in trust is the same as it would be in the hands of the grantor, but if the transfer is one in contemplation of or intended to take effect at or after death the basis is the fair market value of the property at the time of acquisition by the vendor.

There can be but little doubt as to the intent of Congress in enacting that different bases shall apply to trust property depending on whether the trust was one resulting in a complete transfer *inter vivos* or one in contemplation of or to take effect at or after death. In the case of a completed and irrevocable transfer the property was to take the same basis as an outright gift, which since the Revenue

---

[1] SEC. 204 (a) (3). If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. The provisions of this paragraph shall not apply to the acquisition of such property interests as are specified in subdivision * * * (c) * * * of section 302 of this Act.

SEC. 204 (a) (5). If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision * * * (c) * * * of section 302 of this Act.

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

Act of 1921 had been the basis in the hands of the donor, thus taxing as income the increment in value of the property while in the hands of the donor. See *Taft* v. *Bowers*, 278 U.S. 470. In the other class of cases—transfers in contemplation of or to take effect at or after death—the tax on the increment in value in the hands of the donor is levied as an estate tax when the death of the donor occurs.

Petitioner has not attempted to show that " the thought of death " was " the impelling cause of the transfer " of the property. *United States* v. *Wells*, 283 U.S. 102. Consequently it cannot be said, on the record made, that the transfer was in contemplation of death.

Nor do we think that the transfer was one to take effect at or after death. It was a completed transfer upon the execution of the trust instrument and no interest remained in the grantor to be transferred at her death. Beginning with *May* v. *Heiner*, 281 U.S. 238, it has been held many times that a transfer under which the grantor reserves only the income is not one to take effect at or after death. See *Morsman* v. *Commissioner*, 283 U.S. 783; *Burnet* v. *Northern Trust Co.*, 283 U.S. 782. Here it is conceded by counsel for petitioner that by the trust instrument legal title to the corpus was irrevocably transferred. While the grantor reserved the right to change the " distribution of income and principal ", the trust instrument specifically provided that " no limitation of principal shall be made in behalf of the donor or her estate." In *Frederic Ullman et al., Executors*, 20 B.T.A. 782, the settlor conveyed property by warranty deed, reserving to herself not only the income from the property, but also the use and entire management and control of it for life. We held, following *May* v. *Heiner*, *supra*, that the property passed at the time of execution of the deed and not at the time of the settlor's death, hence it was not subject to the tax provided for in section 302 (c) of the Revenue Act of 1924. See also *Lucy Belle Dunham et al., Executors*, 26 B.T.A. 286, in which case income of the trust was payable to the grantor for life, and she reserved the right to direct the change of capital of one of the trusts from realty to personalty, and in the case of the other trust the trustee could not sell or exchange the corpus without the consent of the grantor. We held that the grantor had completely disposed of the corpus of the trusts during her life, and there was no taxable transfer at her death under section 302 (c) of the Revenue Act of 1926. These decisions are in point here. Under the trust deed executed by the grantor the property has passed beyond recall by her and at her death no interest will pass from her to the living. *May* v. *Heiner*, *supra*.

It is our conclusion that the transfer of the property in trust was not a transfer coming within the provisions of section 302 (c) of the Revenue Act of 1926, hence under the first sentence of section 204

(a) (3) the basis for gain or loss to the trustee is the same as it would be in the hands of the grantor.

It may well be that the trust in this case would come within the provisions of subdivision (d) of section 302 of the Revenue Act of 1926, which taxes transfers by trust or otherwise where the enjoyment of the property at the time of death " is subject to change through the exercise of a power * * * to alter, amend, or revoke * * *." See *Porter* v. *Commissioner*, 288 U.S. 436. We are not concerned with this, however, for the reason that the income tax sections of the statute which allow the use of a new basis do not include cases falling within section 302 (d).

The conclusion we have reached makes it unnecessary to enter into the question of whether the last sentence of section 204 (a) (3) and section 204 (a) (5) could in any event apply to a case where a grantor is living at the time of sale of the property. See section 302, which refers to property in respect of which " the decedent " has made a transfer. Cf. *Lettie Snyder*, 27 B.T.A. 1285.

As to the 25 percent penalty, petitioner attempts to show " reasonable cause " for its failure to file a return by the testimony of its auditor. He testified that at the time for filing returns for 1927 he gave consideration to whether a return should be filed for the Murray trust and concluded that there was no taxable profit from the sale of the stock by the trustee " because of the kind of a trust that it was," and the income from other sources was insufficient to require the filing of a return.

The statute imposing the 25 percent penalty, section 3176 of the Revised Statutes, as amended by section 1103 of the Revenue Act of 1926, provides in part:

* * * except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax.

This provision of the statute requires that a return be made by the taxpayer at some time as a prerequisite to a plea of reasonable cause. Where, as here, no return is ever filed, it is mandatory that the penalty be imposed and we may not inquire into the cause of delinquency. *John T. Sline*, 9 B.T.A. 1222; *E. M. Green*, 11 B.T.A. 185.

*Decision will be entered for the respondent.*