ESTATE OF AUSTIN C. BRANT, DECEASED, JOSEPH M. BLAKE, ADMINISTRATOR DE BONIS NON WITH THE WILL ANNEXED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF HARRIET FRANCES WHITING, DECEASED, JOSEPH M. BLAKE, ADMINISTRATOR DE BONIS NON WITH THE WILL ANNEXED AND TRUSTEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92816, 92817. Promulgated August 29, 1941.

*Joseph M. Blake, Esq.,* for the petitioners.
*DeWitt M. Evans, Esq.,* for the respondent.

1308

1311

OPINION.

TYSON: Pursuant to the mandate of the United States Circuit Court of Appeals for the Sixth Circuit, and upon authority of *Helvering* v. *Bruun*, 309 U. S. 461 (see also *Lewis* v. *Pope Estate Co.*, 116 Fed. (2d) 328), we hold that the net fair market value of that part of the new building erected by the lessee on the leased premises of the Brant estate and the Whiting estate trust, at the time of their repossession of such premises in 1934, constituted taxable income to them, respectively, in the taxable year 1934.

The first issue having been so decided, we must now consider the several alternative allegations of error, in both proceedings, hereinbefore designated (a) to (f), inclusive, and also the allegation of error in Docket No. 92816 in the respondent's determination of a 25 percent delinquency penalty.

The question of value raised by alternative issue (a) has been settled by stipulation of the parties. The fair market value of that part of the new building erected by the lessee on the leased premises of the Brant estate was $79,945.02 at the time of the repossession of such premises in 1934. The fair market value of that part of the new building erected by the lessee on the leased premises of the Whiting estate trust was $53,296.68 at the time of the repossession of such premises in 1934.

The principle involved in alternative issue (b) is controlled by *Helvering* v. *Bruun*, *supra*, wherein it was held that an offset of the unamortized cost of old buildings at the time they were removed to make way for the erection of a new building by the lessee, was allowable to determine the net fair market value of the new building to the lessor at the time of repossession and thus the amount of the net gain realized by the lessor at that time. As to the Whiting estate trust the parties have stipulated that the depreciated value of the old buildings removed from its premises by the lessee was $2,875.25. Accordingly, we hold that the net fair market value of the part of the new building erected on the premises of the Whiting estate trust

was $50,421.43 (i. e., $53,296.68 less $2,875.25) at the time of that trust's repossession of its leased premises. As to the Brant estate there is no proof of the removal of any old buildings from its premises by the lessee. Accordingly, we hold that the net fair market value of the part of the new building erected on the premises of the Brant estate was $79,945.02 and thus the amount of the net gain realized by the lessor at that time. However the parties have stipulated that the Brant estate is entitled to an allowable deduction of $50,000 from such income.

While in their assignments of errors (c) and (d) petitioners claim the taxes and attorneys' fees merely as an offset against the value of the new building in arriving at the net fair market value thereof, they nevertheless, on brief, apparently claim in the alternative that the attorneys' fees and taxes constitute ordinary deductions from gross income for the taxable year 1934. We are of the opinion that there is no merit in either of those claims. In *Mary E. Evans*, 42 B. T. A. 246, 254–256, it was held that attorneys' fees incident to the forfeiture and cancellation of a lease did not constitute an offset against the value of the building erected by the lessee, as contended by respondent, but instead constituted an ordinary deduction from gross income for the year in which paid. In the same case it was held that taxes accrued prior to forfeiture of the lease, which under the terms of the lease the lessee was obligated to pay and which were paid by the lessor subsequent to forfeiture, constituted an ordinary deduction from gross income for the year in which paid. Upon authority of that case, we hold that the attorneys' fees and taxes incurred and paid by petitioners under the circumstances herein are deductible, if at all, only as ordinary deductions from gross income for the year in which paid or accrued, and, further, that such fees and taxes do not constitute an allowable offset in arriving at the net fair market value of the building for determining the net gain realized at the time the building was acquired by petitioners. In the instant cases the record is devoid of any showing as to the accounting basis used by either of the petitioners. If each petitioner was on the cash basis the taxes and legal expenses involved herein, not having been paid during the taxable year 1934, would not be deductible from gross income in that year, and, since it is not shown that petitioners were on the accrual basis, we need not discuss the question of when the taxes and legal expenses may have accrued as liabilities of petitioners. On this record we hold that petitioners are not entitled to deduct from gross income for the taxable year 1934 the taxes and legal expenses involved herein.

Alternative issue (e) involves petitioners' claim that the taxable income realized in 1934 through their acquisition of the new building upon the forfeiture of the lease, should be taxed as a capital gain instead of ordinary income, it being alleged that the lease agreement

and the new building erected on the leased premises by the lessee constituted a capital asset held by petitioners for a period of over ten years.

In *Helvering* v. *Bruun, supra,* the Supreme Court held that upon forfeiture of the lease a new building erected by the lessee was not merely an accretion to the lessor's original capital asset, but, instead, constituted a realized measurable gain taxable to the lessor. In *Hort* v. *Commissioner,* 313 U. S. 28, where the lessor owned both the land and the building thereon subject to a lease and in consideration for the agreed cancellation of the lease the lessee made a cash payment to the lessor, the Court held that the full amount of such cash payment was in substitution of rent and constituted ordinary income to the lessor.

In the *Bruun* case, *supra,* the cancellation of the lease resulted in the lessor's acquisition of property, the value of which constituted income. In the *Hort* case, *supra,* the cancellation of the lease resulted in the lessor's receipt of cash, which constituted the amount of gain realized. In neither case was there a sale or other disposition by the taxpayer of a capital asset; instead, the lessor was in receipt of "a substitute for rental payments" constituting ordinary income and the same is true in the instant proceedings. We hold that the gain here in question was taxable as ordinary income as determined by respondent.

Alternative issue (f) involves petitioners' claim for a deduction of the amount of income, realized through the acquisition of the new building, distributable to the beneficiaries under the respective wills of Austin C. Brant, deceased, and Harriet Frances Whiting, deceased, notwithstanding petitioners' inability to actually distribute such income because it was represented by the value of the new building which was attached to the realty.

The applicable portions of section 162 of the Revenue Act of 1934 are set out in the margin.[1] Where the terms of a will or trust pro-

---

[1] SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

(a) * * *

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

(c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year, which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

vide for a distribution of current income, the payment of which can be enforced by the beneficiary as a matter of right, a deduction is allowable to the fiduciary under section 162 (b), *supra*, whether the distribution is made or not. Where under the terms of a will or trust the income thereof may be, in the discretion of the fiduciary, either distributed to the beneficiary or accumulated, a deduction is allowable to the fiduciary, under section 162 (c), *supra*, only in the amount actually paid during the year or credited during the year by an allocation so definite as to be beyond recall. *Commissioner* v. *Stearns*, 65 Fed. (2d) 371; certiorari denied, 290 U. S. 670, and *Thomas N. Perkins*, 33 B. T. A. 606, 624.

In the case of the Brant estate, and with reference to this issue (f), the record shows only that on its return Form 1040 for the year 1934 it took a deduction for the amount of its net income, exclusive of the gain realized from the acquisition of the building, distributed in that year to the beneficiaries of that estate. The fact that certain amounts of income of the estate were distributed is not determinative of the question of whether the Brant estate is now entitled to a deduction for the amount of the income here involved which was not actually distributed. The record fails to disclose the terms of the will of Austin C. Brant, deceased, governing the distribution of the income of that estate and fails to establish that its income was currently distributable and thus deductible under section 162 (b), *supra*, whether distributed or not. Accordingly, we hold that the income in question is taxable to the fiduciary of the Brant estate.

In the case of the Whiting estate trust and with reference to this issue (f), the decedent's will gave her executor and trustee no discretion to either distribute or accumulate the net income of the trust, but directed the distribution thereof equally to designated living beneficiaries. The net income of the trust for the taxable year 1934 was so distributed by Joseph M. Blake, acting as trustee of that estate, except as to income here involved, which was derived, upon the trust's acquisition of the new building at termination of the lease, as "a substitute for rental payments." *Hort* v. *Commissioner*, *supra*.

We conclude that the net income of the Whiting estate trust was currently distributable by the fiduciary to the beneficiaries within the meaning of section 162 (b), *supra*, and pursuant to that section the fiduciary is entitled to a deduction of the amount of the net income realized by the trust from the acquisition of the new building in 1934. The fact that such income was not severable from the land owned by the trust did not prevent its recognition as taxable gain, and likewise its inseparability for purposes of distribution is immaterial, for, under section 162 (b), *supra*, the deduction is to be allowed whether the income is distributed or not.

In the case of the Whiting estate trust the respondent determined a 25 percent delinquency penalty, under section 291 of the Revenue Act of 1934, for failure to file a return. Since no return has ever been filed by that petitioner for the taxable year 1934, the statutory provision as to "reasonable cause" for failure to file a return has no application and the imposition of a delinquency penalty of 25 percent of any income tax due for that year is mandatory. *Scranton, Lackawanna Trust Co., Trustee,* 29 B. T. A. 698, 702; affd., 80 Fed. (2d) 519, certiorari denied, 297 U. S. 723.

In the case of the Brant estate, the respondent determined a 25 percent delinquency penalty, under section 291 of the Revenue Act of 1934, for failure to file a return, Form 1040, within the time prescribed by law. The parties have stipulated that the Brant estate did file timely returns, an income tax return Form 1040 and a fiduciary return Form 1041, for the calendar year 1934. The respondent erred in determining a 25 percent delinquency penalty as to the Brant estate.

*Decisions will be entered under Rule 50.*