WHITELITE ELECTRIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28472.   Promulgated January 27, 1930.

*Sharon Graham, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

936

OPINION.

LANSDON: None of the facts material to the sole issue here are in dispute. The parties agree that the patents in question cost the Tungsten Lamp Co. $75,000, and that such patents, standing alone, had no value in 1923. In computing its gross income in the taxable year the petitioner included the amount of $75,000 in its basis for computing profit on the sale of its assets as the cost of such patents. The Commissioner accepted this amount as original cost, but computed accrued depreciation in the amount of $46,804.96, which he added to gross income. The amount of accrued depreciation of the patents at January 1, 1923, standing alone, is not in dispute. The petitioner contends, however, that the patents and the licenses to manufacture had merged into each other at date of sale and that the depreciation of the patents had been balanced by an equal appreciation of the licenses which it is agreed were acquired without cost. In conformity with this theory, the affiliated group took no depreciation of patents as a deduction from its gross income prior to 1923, and now contends that the Commissioner erroneously reduced the basic cost of the assets sold in the taxable year by the amount of the depreciation sustained by the patents considered as a single item of depreciable property. We are not impressed with the petitioner's argument on this point. In a very similar situation we held that depreciation of a patent may not be offset by appreciation of good will resulting from its use. *Union Metal Manufacturing Co.*, 1 B. T. A. 395. The established rule as to any single depreciable asset is that depreciation is a fact to be proved by evidence. *Cleveland Home Brewing Co.*, 1 B. T. A. 87; *Rockford Malleable Iron Works*, 2 B. T. A. 817; *Benham Ice Cream Co.*, 5 B. T. A. 97. It is equally well established that for the purpose of determining the basic cost of capital assets sold after years of use, due allowance must be made for sustained depreciation, even though no deductions were taken therefor in tax returns for prior years, and the sustained depreciation may not be offset by appreciation. *William Ziegler, Jr.*, 1 B. T. A. 186; *Even Realty Co.*, 1 B. T. A. 355; *Roshek Brothers Co.*, 2 B. T. A. 260.

It is true that failure to take depreciation in the years in which it is sustained does not preclude assertion to claim therefor on appeal to this Board. *S. Marsh Young*, 2 B. T. A. 457; *Burke Electric Co.*, 5 B. T. A. 553; *Deltox Grass Rug Co.*, 7 B. T. A. 811. These cases, however, establish no rule applicable to the instant proceeding, since the petitioner here is not seeking to correct its returns and redetermine its taxes for any one of the several years in which it failed to take depreciation to which it was then entitled, but in effect is proposing to deduct the cumulated depreciation sustained in previous years from its gross income in a single year. For such procedure there is no basis in the law. *Fort Orange Paper Co.*, 1 B. T. A. 1230; *Motor Car Supply Co.*, 9 B. T. A. 556.

*Decision will be entered for the respondent.*