## C. Carroll Collmus, Jr., Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 24660. Promulgated November 5, 1930.

*W. S. Hammers, Esq.*, for the petitioner.
*W. F. Gibbs, Esq.*, and *O. W. Swecker, Esq.*, for the respondent.

OPINION.

BLACK: The petitioner alleges that the respondent erred in refusing to allow an alleged loss of $1,000 on the sale of an automobile. On his income-tax return for the year in question petitioner reported a profit of $50 from the sale of the automobile, computed as follows:

```
Cost_____ $3, 600
Depreciation previously allowed_____ 2, 400
 _____
 1, 200
Selling price_____ 1, 250
 _____
 Profit_____ 50
```

On the same return petitioner also claimed a deduction of $1,000 from gross income which he explained as " used Marmon touring car in business, therefore the $1,000 deduction." It is evident that the $1,000 deducted from gross income was intended to represent a deduction for current depreciation on the automobile during the taxable year up to the date it was sold in 1924. We have found that the automobile was used exclusively by the petitioner in connection with his duties as president of the Hampton Roads Sand & Gravel Corporation. He did not use this car for family purposes, but had another car, a seven-passenger sedan, which was used by the family. In *Ernest E. Lloyd*, 8 B. T. A. 1029, we said: " We are further of the opinion that the loss was ' incurred in trade or business ' in that the furtherance of the business of the company of which he was the president was legally and logically his business." Since petitioner was engaged in a trade or business he would be entitled to a deduction from gross income for the amount of depreciation sustained on the automobile used in the business. No evidence was introduced in regard to the amount of depreciation sustained during the taxable year, nor what time of the year the automobile was sold. Hence the respondent's determination disallowing any depreciation on the car for 1924 is sustained. On his return the petitioner in computing the gain did not take into consideration the $800 he had paid on the purchase price of the automobile by trading in his old automobile. But at the hearing petitioner proved that the car cost $4,400 instead of $3,600 as he had used in his original return. The gain or loss recomputed on this basis results in a deductible loss of $750 shown as follows:

```
Cost_____ $4, 400
Depreciation previously allowed_____ 2, 400
 _____
 2, 000
Selling price_____ 1, 250
 _____
 Loss_____ 750
```

Petitioner suffered a loss of $750 on the sale of his automobile instead of a profit of $50 as entered in his original return.

From the record it is apparent that the petitioner had the $26,000 invested in the stock of the Hampton Roads Sand & Gravel Corporation, consisting of his initial investment of $1,000, for which stock certificates were issued, $7,600 representing the weekly deductions from salary and applied to the payment of stock, and $17,400, representing petitioner's equity in plant equipment turned over to the corporation in return for stock. No stock was actually issued to the petitioner in return for either the $7,600 or $17,400 payments. The respondent has denied petitioner's deduction of $26,000 alleged to represent a loss on stock determined to be worthless in the taxable year. We do not think that the fact that no stock certificates were issued for the $7,600 or $17,400 payments is controlling. In *Chaffin* v. *Cummings*, 37 Me. 76, the court held that if one has subscribed for stock and agreed to pay for it in a particular manner, and has paid for it and has attended the meetings of the corporation and has admitted himself to be a member, these facts are sufficient to prove him to be such without the issue of a stock certificate.

It is apparent to us that the worthlessness of the stock was known to the petitioner as soon as the receivership proceedings were instituted on December 9, 1924. He then realized that there were no assets to be distributed to the stockholders. It was clear that the stockholders would receive nothing. Since the stock became wholly worthless in 1924, the petitioner is entitled to the deduction claimed in that year with respect thereto. See *John H. Lang*, 12 B. T. A. 435.

*Judgment will be entered under Rule 50.*