Emerson Richards v. Commissioner.
Richards v. Commissioner
Docket No. 112321.
United States Tax Court
1943 Tax Ct. Memo LEXIS 51; 2 T.C.M. (CCH) 1005; T.C.M. (RIA) 43487; November 22, 1943
*51 Emerson Richards, Schwehm Bldg., Atlantic City, N.J., pro se. John W. Edwards, Esq., for the respondent. HILL Memorandum Opinion HILL, Judge: This proceeding involves an income tax deficiency for the calendar year 1940 in the amount of $783.41. Two adjustments give rise to respondent's determination, namely, an addition to income of an unreported legal fee of $2,740.06, and a disallowance of a claimed $3,800 loss. Respondent now concedes that petitioner's unreported legal fee is but $2,356.06, as acknowledged by petitioner. Effect will be given to this concession in the recomputation. The loss deduction remains in dispute. [The Facts] Petitioner is and for many years has been a lawyer with offices in Atlantic City, New Jersey. During the middle 1930's he was also a New Jersey State official. His 1940 income tax return was filed with the collector of internal revenue for the first district of that state. In 1932 petitioner purchased a new Cadillac automobile for $4,000. This car was used by him, in connection with his professional and official duties only, until 1938 when its use was abandoned. Petitioner sold the car in 1940 for $200 and claims to have sustained a deductible *52 loss in that year of $3,800, the difference between the car's cost and sale price. No depreciation has at any time been taken on the machine. The sole question is whether petitioner is entitled to the deduction claimed. [Opinion] Since the Cadillac was used exclusively in connection with petitioner's business, its sale conceivably might have resulted in a deductible loss. In C. Carroll Collmus, Jr., 21 B.T.A. 210, under circumstances somewhat similar to those existing here, taxpayer was allowed to deduct the amount by which the sale price of a car fell below its cost less depreciation previously allowed. In the instant case, however, it is apparent that petitioner has wholly failed to take into consideration the effect of time and wear upon the value of his Cadillac and, in thus computing loss without regard to depreciation, has arrived at a figure not consonant with fact or law. Section 113(b)(1)(B) of the Internal Revenue Code provides that the adjusted basis for determining gain or loss from the sale of property shall be the unadjusted basis (in this instance cost) adjusted for exhaustion, wear and tear, obsolescence, amortization and depletion *53 to the extent allowed but not less than the amount allowable. Hence, petitioner sustained a loss, if at all, only to the extent that the sale price of the car was less than its cost reduced by the amount of depreciation allowable. Beckridge Corp. v. Commissioner, 129 Fed. (2d) 318, (29 AFTR 834); Virginian Hotel Corp. of Lynchburg v. Helvering, 319 U.S. 523 (1943 P-H [*] 62,021). It is immaterial that petitioner failed to avail himself of allowable deductions for depreciation in his prior tax returns. In spite of such failure, depreciation must be included in determining the adjusted cost basis of the car. Herder v. Helvering, 106 Fed. (2d) 153. There is, of course, no question but that the Cadillac was a depreciable asset. J. W. McWilliams, 15 B.T.A. 329; John T. Sline, 9 B.T.A. 1222. Consequently, petitioner was entitled to depreciate its cost less salvage value over its useful life. In Ravlin Corporation, 19 B.T.A. 1112, we found a reasonable annual rate of depreciation on a *54 Packard 8 and a Hudson 6, cars comparable to petitioner's Cadillac, to be 25 per cent. This rate was also approved in Motor Car Supply Co., 9 B.T.A. 556, as well as in numerous other cases. In some instances, examples being Horn & Hardart Baking Co., 20 B.T.A. 486 and Kay Manufacturing Co., 18 B.T.A. 753, we found the average useful life of automobiles to be five years and approved a depreciation rate of 20 per cent. Petitioner did in fact use the automobile in question for six years. We think the cases demonstrate that depreciation based upon a conservative six years of useful life would have been allowed without question and we hold that no lesser rate than 16.67 per cent should be regarded as allowable. It thus becomes manifest that proper application of the law requires the Cadillac's adjusted basis, at the date of sale, to be zero. Accordingly, petitioner not only sustained no deductible loss upon its sale, but actually realized a gain therefrom. Nor is petitioner entitled to a deduction in the taxable year 1940 for depreciation on the car, current or past. The fact that the car was *55 no longer used in petitioner's business in 1940 suffices to foreclose any claim for depreciation for that year. There is no basis in law for deducting cumulated depreciation sustained in previous years, but not deducted in prior income tax returns, from gross income in a single year. Whitelite Electric Co., 18 B.T.A. 934; Motor Car Supply Co., supra. Respondent's disallowance of the claimed deduction is approved. Decision will be entered under Rule 50.