*Decision will be entered under Rule 50.*

SOUTH CHESTER TUBE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20181. Promulgated June 21, 1950.

*George W. Witney, Esq.,* for the petitioner.
*Karl W. Windhorst, Esq.,* for the respondent.

OPINION.

LeMire, *Judge*: This proceeding involves a deficiency of $4,309.05 in petitioner's income tax for 1943. Some of the adjustments made by the respondent in his notice of deficiency are not contested in this proceeding. The only question for our determination is whether petitioner is entitled to a deduction in 1943 for $12,501.31 representing a portion of a contribution which it made in 1942 to a trust created in 1941 for the benefit of a group of its officers and employees. The facts have all been stipulated and the written stipulation, with exhibits attached, is incorporated herein by reference.

Petitioner is a Pennsylvania corporation, with its principal place of business located at Chester, Pennsylvania. Its returns for the years 1941, 1942, and 1943 were filed with the collector of internal revenue for the first district of Pennsylvania.

In December, 1941, petitioner decided, after a series of conferences with representatives of the Bureau of Internal Revenue at Philadel-

phia and in Washington, to establish a profit-sharing trust for the benefit of certain of its officers and employees. Its resolution so providing was adopted on December 19, 1941. This resolution was in material part as follows:

WHEREAS the Directors of this Company are advised that salary and wage adjustments appropriate to conditions have been made to Mill, Office, and Field employees, with the exception of certain officials and their assistants, which group includes employees in the higher salary brackets, most of whom have previously taken salary reductions and who have not had these cuts restored,

AND WHEREAS the Directors are desirous of promoting savings by employees for retirement in the later years of their lives,

AND WHEREAS the Directors desire to encourage the purchase of U. S. A. Defense Bonds by all members of the Company organization,

Now THEREFORE BE IT RESOLVED that the sum of $11,381.25, be, and the same hereby is, duly appropriated for the purchase of U. S. A. Defense Bonds to be delivered to the Tradesmens National Bank and Trust Company under a suitable Trust Agreement to be prepared by counsel for this Company for the exclusive future benefit and use of the following employees of this Company:

| | | | |
|---|---|---|---|
| N. G. Kriebel | $168.75 | E. J. McCann | $1,012.50 |
| R. E. Wallace | 450.00 | J. W. Lawton | 750.00 |
| F. J. Tucker | 675.00 | C. H. Roberts | 806.25 |
| F. H. Gibson | 1,012.50 | Howard A. Loeb | 2,006.25 |
| P. J. Carey | 506.25 | L. A. Estes | 3,993.75 |

AND BE IT FURTHER RESOLVED that the said expenditure be charged against the current income account as an operating expense,

AND BE IT FURTHER RESOLVED that the employees involved be notified of the action thus taken in such a manner that no obligation to repeat or continue the action in future years is implied or incurred,

AND BE IT FURTHER RESOLVED that the Trust Agreement with the said Tradesmens National Bank and Trust Company be so drawn that all responsibility as to the handling of the funds and all rights to the same as far as this Company is concerned, cease with the delivery of the said bonds to the said Bank, and that the fees of the Trustee be borne by the participants of the Trust.

AND BE IT FURTHER RESOLVED that the Officers be, and they hereby are, duly authorized and empowered to do any and all other things which in their judgment may seem necessary or desirable to carry out fully the intent and purpose of these resolutions.

Petitioner's books were kept and its returns made on an accrual basis.

On December 31, 1941, petitioner executed a trust indenture creating the trust referred to in the resolution of December 19, 1941. The Tradesmens National Bank & Trust Co. of Philadelphia, Pennsylvania, was named trustee and was a party to the agreement. The trust indenture stated the purposes of the trust substantially as set forth in the resolution of December, 1941, and further stated that the trust agreement was to be created in strict conformity with section 165 of the Internal Revenue Code and the Commissioner's regulations, so that contributions to the fund would be deductible in computing net income of the year when made, and that the profits thereby set aside for the employees would be taxable to them only when received by

them. The trustee was to administer the trust solely for the benefit of the employees and was required to use the entire amount of the contribution, $11,381.25, to purchase Government bonds in the employees' names. At the option of any beneficiary, or his estate, the entire amount of his share of the bonds or funds held in the trust was to be paid to him, or his estate, at the time of his retirement, or death, or the termination of his services with the petitioner. The rights of the beneficiaries in the fund were nonforfeitable and petitioner retained no reversionary rights in them.

Petitioner was to have no part in the administration of the trust. The cost thereof was to be borne by the beneficiaries. The trustee was admonished to take reasonable care to conform to the provisions of the Internal Revenue Code and the Commissioner's regulations, and the right was reserved to the petitioner and the trustee to amend the trust agreement should any of its provisions be found to be in violation thereof. Copies of section 165 of the Code, as amended to October 1, 1941, and section 19.165–1 (a) to (g) of Regulations 103, as amended to December 15, 1941, were attached to the trust indenture.

Petitioner claimed the deduction of the $11,381.25 paid to the trust in 1941 as a deduction for that year and it was allowed by the respondent, after an audit of the return in 1944.

On December 23, 1942, the petitioner made a further contribution to the trust of $36,704, with which the trustee was directed to purchase series "F" bonds for the same beneficiaries. In its return for that year petitioner claimed the deduction of $12,501.31 of that amount, on the theory that the deduction for that year was limited by section 23 (p) (1) (C), Internal Revenue Code, to 15 per cent of the salaries paid to the employee beneficiaries in 1942. That deduction was also allowed by the respondent in 1944, following an examination of petitioner's return for that taxable year.

Petitioner made no further contribution to the trust after that of December 23, 1942.

In its return for 1943 petitioner claimed a deduction under section 23 (p) (1) (C) of a second $12,501.31 portion of the 1942 contribution to the trust. Petitioner was notified by letter from the internal revenue agent in charge at Philadelphia, Pennsylvania, dated October 31, 1945, that: "Upon examination of your income tax return for the year [1943] indicated above, the conclusion has been reached that it should be accepted as filed."

On October 4, 1946, petitioner and respondent entered into an agreement under section 276 (b), Internal Revenue Code, extending the time within which an assessment could be made of 1943 taxes to June 30, 1948.

A further examination of petitioner's return for 1943 was made by respondent and as a result petitioner was notified April 23, 1947, of

the disallowance of the deduction of the said amount of $12,501.31. A notice of deficiency to that effect was mailed to petitioner on June 8, 1948.

The stipulated facts contained references to a rather extended correspondence between petitioner and various officials or representatives of the Bureau of Internal Revenue beginning in 1941, relating to the creation of the proposed trust and its status for tax purposes. On November 20, 1941, petitioner wrote to H. A. Unger, Chief, Audit Section, Department of Internal Revenue, Philadelphia, Pennsylvania, outlining the proposed trust plan and requesting a ruling as to the tax consequences thereof. Under date of November 21, 1941, petitioner was advised by Unger that its request for a ruling had been referred to Washington and that it would be wise to await the ruling before proceeding with the plan.

On January 6, 1942, the Commissioner wrote the petitioner:

After careful examination of the facts submitted in your letter of November 20, 1941, and additional facts secured in conference of December 15, 1941, this office is of the opinion that the instant case is not one with respect to which a ruling should be made at this time.

This letter was signed "Guy T. Helvering, Commissioner."

On March 12, 1942, petitioner mailed the Commissioner a copy of the trust agreement and stated that a deduction of the 1941 contribution would be claimed in petitioner's return for that year.

Petitioner was informed by letter dated March 25, 1942, and signed "T. Mooney, Deputy Commissioner" that:

In view of the possibility that there will be enacted legislation making fundamental changes in the provisions of section 165 of the Internal Revenue Code, as amended, it is deemed inadvisable to make a ruling as to the status of the above-mentioned profit-sharing trust.

Section 23 (p), Internal Revenue Code, authorizes the deduction of payments made to an employees' pension or profit-sharing trust if such trust was exempt from tax under section 165 (a), Internal Revenue Code. Section 165 (a), as amended by section 162 of the Revenue Act of 1942, sets up certain nondiscriminatory tests as between officers and executives and other employees for tax exempt trusts, under which petitioner admittedly does not qualify for tax exemption. However, petitioner contends that it did qualify as an exempt trust under the law as it stood in 1941 when the trust was created and that its rights to the deduction in 1943 of a portion of the 1942 contribution should be determined under the law as it stood in 1941, when the trust was created.

Sections 23 (p) and 165, Internal Revenue Code, were both amended by section 162 of the Revenue Act of 1942, enacted October 31, 1942. As thus amended, section 23 (p) contains the following provisions:

(1) GENERAL RULE.—If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, of if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under subsection (a) but shall be deductible, if deductible under subsection (a) without regard to this subsection, under this subsection but only to the following extent:

\*　　\*　　\*　　\*　　\*　　\*　　\*

(C) In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 165 (a), in an amount not in excess of 15 per centum of the compensation otherwise paid or accrued during the taxable year to all employees under the stock bonus or profit-sharing plan. \* \* \* In addition, any amount paid into the trust in a taxable year beginning after December 31, 1941, in excess of the amount allowable with respect to such year under the preceding provisions of this subparagraph shall be deductible in the succeeding taxable years in order of time, but the amount so deductible under this sentence in any one such succeeding taxable year together with the amount allowable under the first sentence of this subparagraph shall not exceed 15 per centum of the compensation otherwise paid or accrued during such taxable year to the beneficiaries under the plan. \* \* \*

Section 165 (a), as amended, exempts from tax:

\* \* \* A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive .benefit of his employees or their beneficiaries \* \* \*.

Subsection 162 (d) of the 1942 Act provides that:

(d) TAXABLE YEARS TO WHICH AMENDMENTS APPLICABLE.—The amendments made by this section shall be applicable as to both the employer and employees only with respect to taxable .years of the employer beginning after December 31, 1941, except that—

(1) In the case of a stock bonus, pension, profit-sharing, or annuity plan in effect on or before September 1, 1942,

(A) such a plan shall not become subject to the requirements of section 165 (a) (3), (4), (5), and (6) until the beginning of the first taxable year beginning after December 31, 1942,

(B) such a plan shall be considered as satisfying the requirements of section 165 (a) (3), (4), (5), and (6) for the period beginning with the beginning of the first taxable year following December 31, 1942, and ending December 31, 1943, if the plan satisfies such requirements by December 31, 1943.

It seems plain enough that the 1942 amendments were intended to apply to the taxable year beginning January 1, 1943, and that for that year an exempt trust was required to meet the nondiscriminatory tests set out in section 165 (a) (3), (4), (5) and (6), Internal Revenue Code. A taxpayer was allowed until December 31, 1943, to bring the trust agreement in conformity with those provisions.

It should b noted that section 23 (p) (1) (C) expressly provides that the deduction is allowable only for a taxable year ending within

or with a taxable year of the trust with respect to which the trust is exempt. Thus, the carry-over of the 1942 contribution could have been deducted in 1943 only if the trust had qualified as an exempt trust in 1943, which admittedly it did not. This is in accordance with section 29.23 (p)–10 of Regulations 111, as amended by T. D. 5666, 1948–2 C. B. 34, 44, which provides in part as follows:

> * * * If contributions are paid by an employer in a taxable year beginning after December 31, 1941, to a profit-sharing or stock bonus trust for employees and the general conditions and limitations applicable to deductions for such contributions are satisfied (see section 29.23 (p)–1), the contributions are deductible under section 23 (p) (1) (C) if the further conditions provided therein are also satisfied. In order to be deductible under section 23 (p) (1) (C) the contributions must be paid in a taxable year of the employer which ends with or within a taxable year of the trust for which it is exempt under section 165 (a) * * *. In order that contributions carried over may be deducted in a succeeding taxable year of the employer in accordance with the third sentence of section 23 (p) (1) (C), the succeeding year also must end with or within a taxable year of the trust for which it is exempt under section 165 (a).

Section 23 (p) (2), Internal Revenue Code, as amended,[1] upon which petitioner relies, is not applicable here. The contribution in question was made in December, 1942, after the enactment of the Revenue Act of 1942 (October 21, 1942). Thereafter, no part of the contribution was deductible under any section of any prior Revenue Act, nor was any part of it "apportioned to any taxable year [1943]" under any such section. Section 23 (p) (2) applies only to apportionments made prior to the effective date of the 1942 amendments; as, for instance, if the contribution here had been made in 1941 and in that year apportioned to 1942 and 1943. There was no provision in the code prior to the 1942 amendments for any carry-over of contributions to a profit-sharing trust. The carry-over provisions of section 23 (p) (1), Internal Revenue Code, in effect at December 31, 1941, pertained to pension trusts only.

Since petitioner's right to the deduction sought for 1943 must be determined under the provisions of sections 23 (p) and 165 (a), as amended by the Revenue Act of 1942, and since, as petitioner concedes, the trust did not qualify as an exempt trust under the law as amended, it is unnecessary for us to discuss the question of whether the trust under consideration qualified as an exempt profit-sharing trust in 1941

[1] (2) DEDUCTIONS UNDER PRIOR INCOME TAX ACTS.—Any deduction allowable under section 23 (q) of the Revenue Act of 1928 (45 Stat. 802), or the Revenue Act of 1932 (47 Stat. 182), or the Revenue Act of 1934 (48 Stat. 691), under section 23 (p) of the Revenue Act of 1936 (49 Stat. 1661), or the Revenue Act of 1938 (52 Stat. 464), or the Internal Revenue Code for a taxable year beginning before January 1, 1943, which under such section was apportioned to any taxable year beginning after December 31, 1942, shall be allowed as a deduction for the years to which so apportioned to the extent allowable under such section if it had remained in force with respect to such year.

and 1942. The deductions which petitioner claimed for contributions to the trust were allowed by respondent in petitioner's returns for those years and are not here in controversy.

Petitioner argues that the respondent is estopped from disallowing the deduction claimed in 1943 because of his actions in allowing the deductions claimed in the prior years and failing to rule upon the 1943 deduction until the expiration of the time for claiming the deduction of the full amount of the 1942 contribution in that year.

The fact that the respondent allowed the deduction of the 1941 and a portion of the 1942 contribution is no reason for holding that he is estopped to disallow the 1943 deduction, even though the 1942 deduction was allowed under the law as amended by the 1942 Act and as applicable to both 1942 and 1943. It is to be noted that as to the deduction claimed in 1942, the trust, having been in existence before September 1, 1942, was not subject to the nondiscriminatory provisions of the 1942 amendment to section 165. As to 1943, petitioner was given until December 31, 1943, to conform the trust to the amended provisions. See sec. 162 (d) (1) (A) and (B), Revenue Act of 1942, *supra.* Apparently, petitioner made no attempt to bring the trust in conformity with the nondiscriminatory provisions of the 1942 Act.

Without entering into any prolonged discussion of the requirements for an equitable estoppel against respondent, it need only be pointed out that the respondent never misrepresented any facts to the petitioner, never gave petitioner any ruling on the 1943 deduction, and never gained any tax advantage by intentionally, or otherwise, holding out any promise to the petitioner as to the 1943 deduction. It is not shown that the petitioner gave up any rights which it may have had in any prior year in reliance upon representations made to it by respondent with respect to the year 1943. It does not even appear that the respondent was in error in allowing the deductions claimed in 1941 and 1942; but, even if so, that would not be grounds for an estoppel against him. *James Couzens,* 11 B. T. A. 1040; *Niles Bement Pond Co.* v. *United States,* 281 U. S. 357; *Mt. Vernon Trust Co.* v. *Commissioner,* 75 Fed. (2d) 938; certiorari denied, 296 U. S. 587; *Agricultural Securities Corporation,* 39 B. T. A. 1103; affd., 116 Fed. (2d) 800; *Knapp Monarch Co.,* 1 T. C. 59; affd., 139 Fed. (2d) 863; *Basil Robillard, Executor,* 20 B. T. A. 685; affd., 50 Fed. (2d) 1083; certiorari denied, 284 U. S. 650.

On the facts as stipulated, we find no error in respondent's disallowance of the deduction here in dispute.

Reviewed by the Court.

*Decision will be entered for the respondent.*