Lyndol L. Young and Mildred W. Young v. Commissioner.
Young v. Commissioner
Docket No. 57876.
United States Tax Court
T.C. Memo 1957-222; 1957 Tax Ct. Memo LEXIS 31; 16 T.C.M. (CCH) 1012; T.C.M. (RIA) 57222; November 29, 1957
*31 Francis J. McEntee, Esq., for the petitioners. Eugene F. Reardon, Esq., for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: The respondent determined a deficiency in income taxes due from petitioners for the calendar year 1952 in the amount of $7,705.78. The sole issue in the case is whether petitioners are entitled to certain deductions, in addition to those allowed by the respondent, for club dues and expenses, travel expenses, business promotional expenses at petitioners' residence, and automobile depreciation. Other determinations of the respondent are not in issue and they may be reflected in the Rule 50 computation. Petitioners, Lyndol L. Young and Mildred W. Young, are husband and wife, residing in Los Angeles, California. They filed their joint income tax return for the year 1952 with the district director of internal revenue, at Los Angeles, California. Lyndol L. Young, hereinafter referred to as petitioner, is a lawyer and in said income tax return he listed the following business deductions which are in question here: Clubs
$2,154.00
Business promotional expense
- 138 North June Street
9,493.62
Travel
3,500.00
Depreciation
4,000.00
*32 The respondent allowed a portion of cash item and the record here, consisting only of petitioner's testimony, is designed to establish that additional allowances should have been made. Since the question is purely one of fact, upon which petitioner had the burden of proof, we can discuss the evidence with respect to each item separately. Clubs Petitioner belonged to the Los Angeles Country Club, the Stock Exchange Club in downtown Los Angeles, and the Beach Club in Santa Monica. He claimed $2,154 of club dues and expenses as business expenses for 1952. The Commissioner allowed $1,008 and disallowed $1,146. There was no evidence as to the use of the Beach Club for business. There was some evidence of a few business conferences at the Los Angeles Country Club and the Stock Exchange Club. The evidence consisted merely of petitioner's recollection of such conferences as no records were kept of such business conferences and no records of business expenditures at the clubs. Both petitioners frequently dined at the clubs (most every Sunday) and the clubs were used to some extent by both petitioners for social and personal purposes. In view of the meager and unsatisfactory evidence *33 of the use of the clubs for business purposes, respondent's determination that an amount of $1,008 should be allowed for club expenses was reasonable. We hold respondent was right in disallowing $1,146 club expenses. Business Promotional Expenses The sums expended under this item, claimed to be $9,493.62, were expenditures in connection with the operation of petitioners' personal residence at 138 North June Street, Los Angeles, California. The amount claimed seems to be an allocation of a portion of the total household expenses, consisting of expenditures for servants, groceries, utilities, and yard expense, and other such items. On this point we have only the general testimony of petitioner that he carried on a substantial portion of his law practice from his home. He had a downtown law office but he testified some clients came to his home during the year involved. The respondent allowed $750 for this item. Petitioner's main argument to establish this item is (1) his claim is reasonable in view of his gross income ($61,000), and (2) that similar amounts had been allowed in previous years. There is nothing to his first argument as his burden was to show actual expenditures for *34 a business purpose. His burden is not satisfied merely by testifying a substantial portion of his law business was carried on in his home and then allocating a certain sum from gross income as home business expense. As to the second argument, the law is clear that respondent is not bound by determinations of his agents for earlier years. South Chester Tube Company, 14 T.C. 1229. See also H. L. McBride, 23 T.C. 901. In our opinion, petitioner failed to show anything beyond a minimal use of his home for business purposes and in view of the nature of the evidence presented, we believe that the respondent's allowance of $750 for this item was reasonable. We hold he was right in disallowing the balance of the claimed deduction. Travel Expenses Petitioner claimed a deduction for travel expenses in the sum of $3,500. Respondent allowed $2,158.62. The vague and inconclusive evidence petitioner introduced would hardly support the allowance granted. It consists merely of statements by the petitioner that he spent the sums claimed on business trips. He mentioned a few trips such as a trip he said he made to Boston to confer with a client. His wife accompanied *35 him and they visited their daughter in Newport, Rhode Island. He and his wife also journeyed to Hawaii where they stayed in a $60 a day hotel room for three weeks. He testified "part of the trip was to conduct an inquiry with reference to the wife of a client of mine who was then in Honolulu at the Royal Hawaiian Hotel, which inquiry was conducted". He claimed $1,500 of the expenses of this trip as business travel expense. Respondent conceded that such a three week trip to Hawaii would cost $1,500, but the proof that it was a business trip is insufficient. The rest of the evidence on this item is nothing more than a general statement of petitioner that the balance of the travel expense is connected with "local matters, going to Arizona in 1952 * * * La Jolla, San Diego, and trips in connection with these insurance company cases where bad accidents occurred, down at Palm Springs." The almost complete lack of evidence to support the claimed travel expenses means respondent's determination disallowing a deduction of $1,341.38 for travel expenses is sustained. Depreciation Petitioner claimed a deduction for depreciation in the amount of $4,000. This was for a Cadillac automobile *36 which petitioner testified he used partly in his business. Respondent allowed $1,000 for this item as a deduction for depreciation of the car in 1952. Petitioner's argument for the additional amount of $3,000 is that he had used the car in his business for three years prior to 1952 and had claimed no deduction for depreciation of the car in those years. His deduction for depreciation for the car is at the rate of $1,000 a year for four years. Respondent was correct in disallowing any deduction for depreciation in prior years. The deduction for depreciation must be taken in the year in which it occurs and cannot be taken in later years by reason of a taxpayer's failure to deduct any depreciation allowance in prior years. Whitelite Electric Co., 18 B.T.A. 934; Motor Car Supply Co., 9 B.T.A. 556. Decision will be entered under Rule 50.