IRA A. EDENS and VELTA JANE EDENS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
EDENS v. COMMISSIONER
Docket No. 3812-70.
United States Tax Court
T.C. Memo 1974-309; 1974 Tax Ct. Memo LEXIS 9; 33 T.C.M. (CCH) 1419; T.C.M. (RIA) 740309; December 16, 1974, Filed. *9 Held: Petitioners had a reasonable prospect of recovery with regard to an alleged casualty loss to their house in 1962. They are not entitled to a casualty loss deduction in 1962 since they have failed to establish that they abandoned their claim during that year. Held: Respondent is not estopped from adjusting the amounts claimed by petitioners as net operating loss carrybacks and carryforwards. Held: Petitioners are not entitled to a deduction in 1962 for home insurance that related to that portion of their home that served as a personal residence. Held: Petitioners are not entitled to a deduction in 1965 in the amount of $811.93 for automobile expenses. Held: Petitioners are not entitled to a deduction in 1966 in the amount of $3,719.40 for business expenses of petitioner Velta Jane Edens. Held: Petitioners are liable for the addition to tax pursuant to section 6651(a). Ira A. Edens, pro se. Dudley W. Taylor, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: The respondent determined deficiencies in petitioners' Federal *11 income tax and additions to tax as follows: Year
Deficiency
Additions to Tax Sec. 6651(a), I.R.C. 1954
1961
$ 438.29
$145.52
1962
270.10
67.57
1963
1,007.18
251.80
1965
59.67
-
1966
383.05
-
The only issues remaining for decision are: 1. Whether petitioners are entitled to a casualty loss deduction relating to alleged damage to their house in 1962. 2. Whether respondent is estopped from adjusting the amounts claimed by petitioners as net operating loss carrybacks and carryforwards. 3. Whether petitioners are entitled to a deduction in 1962 for home insurance that related to that portion of their home that served as a personal residence. 4.Whether petitioners are entitled to a deduction in 1965 in the amount of $811.93 for automobile expenses. 5. Whether petitioners are entitled to a deduction in 1966 in the amount of $3,719.40 for business expenses of petitioner Velta Jane Edens. 6. Whether petitioners are liable for the addition to tax pursuant to section 6651(a). FINDINGS OF FACT Some of the facts have been stipulated and have been found accordingly. Petitioners are Ira A. Edens and Velta Jane Edens, husband *12 and wife, who resided in Columbia, South Carolina, at the time of the filing of the petition herein. They filed joint Federal income tax returns for the taxable years 1961 through 1966 with the district director of internal revenue in Columbia, South Carolina. In 1956 Ira A. Edens (hereinafter referred to as Ira) entered into the business of conducting an insurance adjusting agency and claim service. Ira conducted this business as a sole proprietorship until he terminated it upon entering law school in 1965. After entering the insurance adjusting business, Ira used the dining room area of his house as office space. At this time petitioner's house had seven rooms. Later petitioner built an office out of a portion of what had been the garage. Another portion of the garage was used as filing space for Ira.Petitioners claimed two-sevenths of the cost of maintaining the residence as a business expense of Ira on their tax returns for the years in issue. Furthermore, in 1962 petitioners claimed the remaining five-sevenths of the amounts spent for interest, taxes and insurance relating to their home as a nonbusiness or itemized deduction. The home in which petitioners resided during *13 the years in issue was purchased in 1958 at a cost of $19,000. During the month of October 1962, the Kahn-Jackson Construction Company was in the vicinity of petitioners' residence installing a sewer line. While excavating for the sewer line, Kahn-Jackson utilized dynamite to break up large deposits of rock and allow excavation of the sewer trench. Sometime thereafter petitioners reported to Kahn-Jackson that they had observed cracks in the walls of their house within a few days after the blasting operations were completed. After one of its engineers had inspected the house, Kahn-Jackson denied liability for the alleged damage. Petitioners also reported the alleged damage to Southern Home Insurance Company, with whom they carried insurance on their residence. After inspection by one of their representatives, the insurance company denied liability. Petitioners retained counsel who brought suit against the insurance company. This suit has been on a trial roster in a court in Lexington County, South Carolina, for more than ten or twelve terms. Petitioners were preparing to try this case against the insurance company in November 1971, and at that time expected it to be tried. *14 On their amended 1962 tax return, petitioners claimed a deduction for a casualty loss to their residence in the amount of $4,495.50. Velta Jane Edens worked as a private-duty nurse during the years in issue. She obtained her employment by telephone at her residence from the private-duty register. During the years in issue, including 1965 and 1966, she received her nursing assignments by telephone at home and traveled directly to and from her home to the location of the patient. She did not travel to the register or to any one employer. Petitioners claimed business expense deductions in the amounts of $1,237.81 and $3,719.40 on their 1965 and 1966 tax returns relating to Velta's occupation as a private-duty nurse. Petitioners claimed net operating loss carryovers in the amounts of $494.20 and $3,000.92 from the years 1957 and 1958, respectively, on their 1961 tax return. Petitioners claimed net operating loss carryovers from 1959 on their 1962 and 1963 returns, each in the amount of $1,546.12. Petitioners claimed a net operating loss carryover from 1965 in the amount of $703.37 on their 1966 tax return. Ira filed his Federal income tax return for 1956 as a married taxpayer *15 filing separately. Ira and Velta filed joint returns for the years 1957 through 1966. OPINION The first issue is whether petitioners are entitled to a casualty loss in 1962 for alleged damage that occurred to the walls of their residence. Respondent contends that no casualty loss is allowable in 1962 since by having filed suit against the insurer of their house in that year they had a reasonable claim for reimbursement so that if any loss was sustained it was not sustained in 1962. Respondent further contends that petitioners have failed to show that the damage to their house resulted from a casualty and, alternatively, that petitioners have failed to prove the amount of their loss, if any, from the alleged damage. Section 165(a)[1] provides a deduction for losses not compensated for by insurance or otherwise. In the case of individuals a loss of property which is not used in a trade or business or not held for the production of income is deductible if it meets the conditions of section 165(c) (3). That section permits a deduction if the loss arises from fire, storm, shipwreck or *16 other casualty, or from theft. Section 1.165-1(d), Income Tax Regs., provides that a loss shall be allowed as a deduction under section 165(a) only for the taxable year in which the loss is sustained. Section 1.165-1(d) (2) (i), Income Tax Regs., states that: If a casualty or other event occurs which may result in a loss and, in the year of such casualty or event, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which reimbursement may be received is sustained, for purposes of section 165, until it can be ascertained with reasonable certainty whether or not such reimbursement will be received. * * * When a taxpayer claims that the taxable year in which a loss is sustained is fixed by his abandonment of the claim for reimbursement, he must be able to produce objective evidence of his having abandoned the claim, such as the execution of a release. *17 Because petitioners brought suit, apparently in good faith, against the insurance company in 1962, we conclude that petitioners had a claim for reimbursement with respect to which there was a reasonable prospect of recovery. Louis Gale, 41 T.C. 269 (1963). Petitioners have failed to produce objective evidence of having abandoned this claim during the year 1962. Furthermore, in 1971 petitioners filed a document with this Court in which they stated that they were presently preparing for trial in a civil action for damages against the insurance company. This document is positive evidence that petitioners did not abandon their claim in 1962, the year in which they claimed the casualty loss. Accordingly, we hold that petitioners have failed to establish that they did not have a reasonable prospect of recovery in 1962 and thus have failed to show that they sustained a loss in that year. Assuming arguendo that petitioners had abandoned their claim in 1962, we conclude that petitioners have failed to establish that the alleged damage to their house was the result of the blasting operations.The only evidence that petitioners produced in this regard was the testimony of *18 an expert witness who first examined the house in 1974. He testified that the cracks and damage that he observed in the Edens' residence were typical of those which result from blasting operations nearby. He admitted, however, that his inspection of the house was rather superficial and that he had not observed the foundation of the house below the ground level. We conclude that the expert testimony is inadequate to support petitioners' burden of proving that the cracks in the house were caused by blasting rather than by gradual settling or by poor construction of the house. Furthermore, petitioners have failed to prove the amount of damages that were sustained as a result of the alleged casualty. The petitioners attempted to prove damages by relying on the testimony of their expert. The petitioners failed, however, to show that their expert was a qualified real estate appraiser. Moreover, the expert testified that he did not have expertise in making appraisals of what it costs to repair houses. We conclude that petitioners have failed to offer any evidence that would provide a basis for determination of an amount of damages. The next issue is whether the respondent is estopped *19 from adjusting the amounts claimed by petitioners as net operating loss carrybacks and carryforwards in accordance with section 172. The respondent disallowed net operating loss deductions claimed by the petitioners because of his determination that no net operating losses were sustained in 1957 and 1965 and that the net operating losses actually sustained in 1958 and 1959 were absorbed in 1957. The primary reason behind the adjustment to the amounts claimed as net operating losses by the petitioners is that petitioners failed to offset the operating loss from Ira's insurance adjustment business against the nursing income received by Velta and additional income realized by Ira as wages from the United States Air Force Reserve. Petitioners do not contest the computation of the correct net operating loss deductions as shown in the statutory notice. Petitioners, however, have alleged that respondent is estopped from correcting petitioners' method of computing net operating losses because of "a good faith reliance" by them. The petitioners' first theory is that several years ago Ira sought specific help from the Internal Revenue Service in preparaing his tax return, and that the *20 advice given was subsequently followed faithfully be petitioners in computing the net operating losses shown on their returns. The doctrine of equitable estoppel has been applied on occasions when fraud or unfair conduct on the part of the Commissioner's representatives has been shown along with reliance thereon by the taxpayer to the latter's detriment. Schuster v. Commissioner, 312 F.2d 311 (C.A. 9, 1962). The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law in the absence of unfair conduct. Automobile Club of Michigan v. Commissioner, 353 U.S. 180 (1957). The petitioners have failed to show that the information given them by respondent's representatives was incorrect with regard to the year to which that information related. It appears that the information given to petitioner Ira was correct with regard to a married taxpayer filing separately as was the case with Ira in the year 1956. Furthermore, even if that information was incorrect it related to the requirements of section 172 and accordingly must *21 be classified as representing a mistake of law rather than a mistake of fact. John S. Neri, 54 T.C. 767 (1970). Petitioners' second theory is that respondent is estopped from correcting petitioners' method of computing net operating losses because of the acceptance of earlier filed returns utilizing the same incorrect method. It is well established that the acceptance of prior returns does not create estoppel as to later years. Barry Meneguzzo, 43 T.C. 824 (1965); South Chester Tube Co., 14 T.C. 1229 (1950). Accordingly, we hold that the respondent is not estopped from adjusting the amounts claimed by petitioners as net operating loss carrybacks and carryforwards. The next issue is whether petitioners are entitled to a deduction in 1962 in the amount of $98.57 representing a portion of the insurance premiums on petitioners' residence. On their 1962 tax return, petitioners deducted two-sevenths of the insurance premium on their residence as a business deduction and five-sevenths of the premium as an itemized deduction. The respondent determined that $98.57 of the insurance premium related to insurance of that portion of petitioners' residence *22 that served as their personal residence. Petitioners offered no evidence to dispute respondent's determination. Accordingly, the deduction by petitioners of insurance premiums in the amount of $98.57 is disallowed because it is not applicable to business use but rather represents a personal expense. Section 1.262-1(b) (2), Income Tax Regs.
We next must decide whether petitioners are entitled to a deduction in 1965 for automobile expenses in the amount of $811.93. These expenses were incurred by Velta in her capacity as a private-duty nurse for transportation from her home to the location of her patients. She received her assignments and her cancellations by telephone at her residence. The record does not establish that any of her transportation expenses were other than personal commuting expenses which are not deductible. Ewell L. Teer, T.C. Memo. 1964-80. The next issue is whether petitioners are entitled to a deduction in 1966 in the amount of $3,719.40 for business expenses of Velta. Petitioners have listed these expenses in three categories. The first category of business expense claimed was automobile expenses. The record does *23 not establish these expenses were incurred for any purpose other than personal commuting which expenses are not deductible. Ewell L. Teer, supra.The second category of items were allegedly office expenses relating to Ira's former insurance adjustment office. The petitioners have produced no evidence to establish that any of these alleged expenses related to Velta's employment as a private-duty nurse.The third category of items relate to the alleged maintenance of an office space in petitioners' residence. The office space in the house was apparently set aside in prior years when Ira was in the insurance adjustment business. The record fails to establish that Velta in her capacity as a private-duty nurse was required to maintain an office in be home in 1966.
The only items for which we could possible allow a deduction as a business expense of Velta in 1966 are telephone expenses to the extent that they related to patient assignments and cancellations. Petitioners have failed, however, to provide the Court with any basis for allocating their telephone expenses between business use and personal use. Accordingly, we hold that petitioners are not entitled to the deduction *24 of $3,719.40 claimed in 1966. The final issue is whether petitioners are liable for the addition to tax pursuant to section 6651(a). The burden of proof on this issue is upon petitioners. Estate of Ralph B. Campbell, 56 T.C. 1 (1971). We find that petitioners have failed to meet their burden of proof and therefore hold for respondent on this issue. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise indicated. ↩